Battaile *v.* Fisher et al.

---

## WILLIAM BATTAILE *v.* MICHAEL FISHER et al.

1. CHANCERY: RECEIVER: WHEN LIABLE FOR HIRE, ETC.—A receiver in chancery, into whose possession slaves have been ordered for an indefinite period of time, pending the litigation in respect to them, is bound, without any special order of the court for that purpose, to make them profitable to the person entitled to their labor; and hence, if he employ them about his own business, he is liable for their reasonable hire.

2. SAME: SAME: SETTLEMENT OF HIS ACCOUNT, WHAT A PROPER CREDIT.—If, in a suit in chancery to enforce a lien on the intestate's property in the hands of his administrator, the property be ordered into the possession of a receiver, the latter will not, in a statement of his accounts as receiver by a commissioner of the court, be entitled to a credit for a sum due him as solicitor for the administrator in defending the suit. Such an expenditure by the administrator might be properly allowed to him by the Court of Probates, but it is not properly a subject of allowance in the settlement of the accounts of the receiver.

3. SAME.—A receiver in chancery is not entitled, upon a settlement of his accounts as such, to a credit for a sum which he has advanced to pay a charge against his predecessor in that office, if it appear that the former receiver is in arrears on account of the trust property.

APPEAL from the Chancery Court of Yazoo county. Hon. Wm. Cothran, chancellor.

The record discloses the following state of facts : —

A bill was filed in the Superior Court of Chancery, in May, 1844, by *James Dick et al.* v. *Peter Fisher*, as administrator of George Fisher, deceased, and others.   Afterwards, Cushing and Murdock became parties to it, and filed their cross-bill against Peter Fisher, as administrator, and others.   The complainants in the original and cross-bills alike claimed and sought to recover, from Peter Fisher, the greater part of the estate of George Fisher in his hands, as administrator.   Before answering either bill, Peter Fisher was appointed receiver in the case.   To represent him as administrator, he employed J. & W. Battaile as attorneys at law, who prepared and filed his answers to the two bills, and otherwise conducted his defence.   They also transacted his business as receiver.

Peter Fisher was subsequently removed from the receivership; and on the 26th of January, 1855, William Battaile, the appellant, was appointed receiver in his stead.   John Battaile having died, William Battaile was the surviving member of the firm, and the administrator of the estate of his deceased partner.

The cause remained stationary in court until, in 1857, it was finally transferred to the Circuit Court of Yazoo county, where the heirs of George Fisher bought up the adverse claim of Cushing and Murdock, made themselves parties to the suit, and claimed the property; and a decree was made in their favor, without its being decided whether they were entitled as assignees of Cushing and Murdock, or as heirs.

Peter Fisher, pending the suit as administrator, proved in arrears and a defaulter in over $50,000, and as receiver in over $21,000.

The property in the hands of Battaile, consisting mainly of some negro slaves, was sold in February, 1858, by order of the court, and Battaile was directed to render his account as receiver to the court.   This he did, and on its being excepted to, it was, by order, referred to C. F. Horner, as commissioner, to take and state his accounts as receiver.

Horner rendered an account, charging Battaile as receiver, with hire for the negro slaves while in his possession, amounting, with interest, to $3039 17, and crediting him with an account for $500, in favor of J. & W. Battaile, for services rendered as attorneys

in defending Peter Fisher, as administrator, in the original and cross-bills, and interest; and with an account for $300, for various sums of money paid for costs, &c., by J. & W. Battaile, for Peter Fisher, administrator, in attending to his business as administrator, and interest—showing a balance due from Battaile, of $1943 67.

Battaile excepted to the account, because he was charged with hire; and the heirs of Fisher excepted, because Battaile was allowed the above credits.

The exceptions of the heirs were sustained, and those of Battaile overruled.

The order appointing Peter Fisher receiver, authorized him to hire out the slaves, and to collect the assets.

The order appointing Battaile, after removing Fisher, recites that Battaile be appointed receiver, "upon his executing bond in the penalty of $10,000, conditioned that he will well and truly collect all assets, notes, claims, moneys, hire of property, as hereinbefore ordered."

The proof before the commissioner, showed that the slaves, for the hire of which Battaile was charged, were serviceable; and that their labor was reasonably worth the amount charged.

Battaile appealed from the order of the court disallowing his exceptions, and allowing the exceptions of Fisher's heirs.

*Gibbs* and *Wilkinson,* for appellant.

*R. S. Holt,* for appellees.

HANDY, J., delivered the opinion of the court.

The questions presented in this case, arise upon exceptions taken in the court below, to an account stated by a commissioner against the appellant, as a receiver in chancery, and the action of the court below thereupon.

It appears that a suit had been commenced in chancery by James Dick et al. against Peter Fisher, administrator of George Fisher. During the progress of that suit, Peter Fisher, the defendant, was appointed receiver of the property in controversy, including certain slaves, which he was authorized to hire out, and with power to

collect assets, &c., and he was removed subsequently from the trust, and the appellant was appointed receiver in his place, upon his executing bond, conditioned that he would well and truly perform the duties of receiver in the case, and well and truly collect all assets, &c.   A motion was afterwards made, that the appellant should report to the court the funds and property in his hands, which was granted; and, upon his returning his statement and report, exceptions were taken thereto, and the matter was referred to a commissioner to state and report an account of the amount due from the appellant, as receiver, charging him with all moneys received by him, &c., and with all sums received by him for rent of land or hire of negroes, or which he might have received by reasonable diligence, and for the reasonable hire of the negroes in his hands, while they were in his possession, and in his service and employment, &c.   Under this reference the account was stated, to which exceptions were taken by both parties.

The exception taken on the part of the appellant, was to the charge against him in the account, for the hire of the slaves in his possession, and interest on the amount of the hire; and the overruling of this exception is the first error assigned.

It appears, by the evidence taken and reported by the commissioner, that the slaves in the appellant's hands, for which this charge was made, were employed by him in working on his plantation, and that their labor was valuable to him, and worth as much to him as the sum allowed by the commissioner.   The amount for which he is charged appears not to be contested; but it is insisted that, as it was his duty to keep the slaves, and as he was not required by the terms of his appointment to hire them out, he occupies the same position as a sheriff holding property under attachment or other process, and is not responsible for their hire during the time they were in his possession.   But it is plain that, from the nature of his office, he had the power to hire out the slaves, though not expressly required to do so.   They were placed in his hands for an indefinite time, and, in all probability, would remain there for several years.   During that period, it would not have been proper to permit them to be unemployed, and they were capable of being productive of profit to those interested in them by their labor.   It was, under such circumstances, his duty to make them

profitable; and if he received to his own use the benefit of their labor, without hiring them out, he has thereby received a benefit from the trust property in his hands, for which he is justly accountable.

But, moreover, he was appointed in the place of Fisher, who, by the terms of his appointment, was required to hire out the slaves; and, by the terms of the appellant's appointment, he was required, well and truly to perform the duties of receiver in the case, and, well and truly to collect all assets, notes, claims, money, *hire of property, as heretofore ordered*, &c. These last words plainly indicate that his powers were intended to be coextensive with those of the former receiver, and that it was contemplated that he should hire out the slaves. This exception was, therefore, properly disallowed.

The next error assigned is the action of the court in sustaining the exceptions taken to the account by the appellees.

The first of these exceptions was taken to the commissioner's allowance of the sum of five hundred dollars to the appellant, for his fee in preparing the answer of Peter Fisher, administrator, to the bill *originally* filed in this cause, and for defending the suit.

This appears to be a claim either against Peter Fisher, or against the heirs and distributees of the estate of George Fisher; and in either case it is a matter between the appellant and those parties. From all that it is shown by the record, it would appear to be a claim against Peter Fisher, for which he might obtain allowance in the settlement of his administration account. But there appears to be nothing which would render it a just claim against the receiver, either Peter Fisher, or the appellant; and therefore it was clearly not a matter within the scope of the account directed to be taken, which was to ascertain the amount for which the appellant was chargeable as receiver in the cause. The matter of an independent claim which he might have against Peter Fisher, administrator, or the distributees of the estate of George Fisher, was beyond the authority of the commissioner; and, if such a claim could be justly allowed out of the fund in the receiver's hands, it was certainly not proper to introduce it into the account which the commissioner was required to state.

As to the equitable nature of the claim, on the ground that it was due for beneficial services rendered to the estate, there appears

to be nothing showing that it is more than a claim against Peter Fisher, as administrator. If he had paid it, it might be a proper subject for allowance to him, in his account in the Court of Probates; and it is in that way only, that it could have been properly allowed in that court. But it was certainly not a matter which the Chancery Court could take cognizance of, and allow in this cause, in the manner in which it was presented.

The next exception was taken to the allowance, by the commissioner, of the sum of $300, paid by the appellant to various persons for Peter Fisher, as receiver, the several sums being paid, according to the vouchers exhibited by the appellant, as attorney for Fisher. It is clear that this exception was properly sustained.

The receipts exhibited as vouchers for this claim show, that the sum claimed to be due thereby was due to Peter Fisher, for the sum purported to have been paid by his attorney for him. Hence, they did not entitle the attorney to allowance for the moneys paid. If the appellant advanced the money for Fisher, the claim was against Fisher; and if it was applied to pay claims which Fisher was bound to pay as receiver, still the appellant, in advancing the money for Fisher, could not thereby have occupied a better position towards the fund in the receiver's hands, than Fisher. Whatever claim Fisher would have had, he might have been entitled to, but subject to all the disadvantages of Fisher's position. But, according to this, the appellant was not entitled to an allowance of the claim; for it appears that Fisher was largely in arrears, on account of the fund in his hands as receiver, and could not have been entitled to receive anything on the claim set up.

The exceptions of the appellees were properly sustained.

Decree affirmed.