Collins and others vs. Case and others.

===

COLLINS and others vs. CASE and others.

| 25 | 651 |
|----|-----|
| 103 | 40 |

*Appealable Order.*

An order of the circuit court directing the receiver in this action to *invest* certain funds in his hands (instead of distributing them *pro rata* to the parties who will ultimately be entitled thereto), *held* appealable under subd. 2, sec. 10, ch. 264, Laws of 1860.

APPEAL from the Circuit Court for *Racine* County. The nature of this action and the general character of the judgment therein will be seen from the report in 23 Wis. 230–243, where this court affirms the judgment. It appears further that said judgment provided for the appointment of William H. Lathrop as a receiver, to whom *Case* was directed to pay over the sum adjudged to be in his hands belonging to certain parties to the action. It also contained the following direction: "It is further ordered, that said William H. Lathrop, receiver, at said date or within a reasonable time thereafter, pay

over to and distribute among the parties to this action [with the exception of three persons named] the said sum of $9,778.74, and the interest thereon, in the proportion which each of said parties is entitled to receive of the same." More than a year afterward the receiver presented a petition to the court, representing, in substance, that he had in his hands $9,439.47, which had been paid him by *Case* pursuant to the judgment, and which was lying idle and unproductive, and that he had also various notes and title to lands belonging to the trust fund, the collection of which notes and the proper disposition of the lands for the interest of the parties would require a considerable length of time; and asking leave to invest said $9,439.47, and all sums which might subsequently come into his hands as a part of said trust fund, in such securities and in such manner as to the court should seem fit.

After a hearing, the court made an order granting the receiver leave to invest said $9,349.47, and all sums which might subsequently come into his hands as parcel of the same fund, in bonds of the United States, and that he hold such securities as such receiver, to be disposed of for the benefit of all persons interested, as the court should direct. From this order *Case* appealed.

*Paine & Millett*, for appellant, contended that the judgment already rendered in the cause, and affirmed on appeal, distributed the fund among the several parties entitled thereto, and neither the court nor the receiver had any further power over it.

*Bennett & Ullman*, for respondent, contended that the circuit court had power to determine what was the "reasonable time" within which, by the terms of its own judgment, the receiver should pay over the moneys in his hands; that it had power also to modify the judgment, so far as it gave directions to the receiver touching his treatment of the trust fund, as the matters thus involved were no part of the subject of litigation in the suit; and that the granting or refusing of the order rested in the

discretion of the circuit court, and the order was not appealable. Sec. 10, ch. 264, Laws of 1860.

COLE, J. We have very grave doubts about the appealability of this order. The counsel for the appellants assumes that it is appealable, without any question. The counsel on the other side makes the point on his brief, that the order was one resting in the discretion of the court below, and that it cannot be brought to this court by appeal. But he does not argue the point at all. The question is not free from difficulty, and an argument upon it might have cleared up doubts which we shall entertain.

If the order is appealable at all, it must be because it comes within the class mentioned in the second subdivision of sec. 10, ch. 264, Laws of 1860, as "a final order affecting a substantial right made in special proceedings, or upon a summary application in an action after judgment." And it is, doubtless, placing a very liberal construction upon this language to hold this "a final order affecting a substantial right." In a certain sense the order is "final;" that is, it directs the receiver to invest the moneys in his hands in bonds of the United States; and, when the investment has once been made, there is an end of the matter until a change is made or the bonds sold. And it may, and certainly does, "affect a substantial right," to be deprived of the use and control of money to which a party is entitled, and to have it retained under the control of the court, and in the hands of a receiver. So long as funds remain in the hands of a receiver, they are more or less exposed to jeopardy. And, as a general rule, men prefer to control and manage their own property, and this right should be secured to them as far as possible. It is considerations like these which have induced us to hold the order in this case appealable.

Upon the merits of the order, we think it much better for all concerned that the funds be distributed among

those entitled to them. This seems to have been the idea when the judgment was rendered, and there is no difficulty in carrying it out at this time. If there are any of the subscribers who have not paid, the court can readily so frame the order as to deprive them of dividends out of the funds until their rights are settled. And the receiver might be permitted to retain a sufficient amount in his hands to meet any costs or expense he would be likely to incur in the execution of his duties. Further than this, why may he not make a ratable distribution of the funds in his hands? It seems to us that this is the proper disposition to make of the funds, rather than retain them under the control of the receiver.

*By the Court.* — The order is reversed, and the cause remanded for further proceedings in accordance with the above opinion.