# The State *v.* The Alabama & Chattanooga Rail Road Company.

*Motion to dismiss Appeal.*

*Appeal; what not such final decree as will authorize.*—A decretal order of the chancellor ascertaining and declaring the compensation of a receiver appointed in the cause, and his solicitor, and directing its taxation as costs against the complainant in the suit—the equities of the case not having been settled—is not such a final decree as will support an appeal.

APPEAL from Chancery Court of Sumter.
Heard before Hon. A. W. DILLARD.

This was a motion to dismiss the appeal in this case, on the ground that no final decree had been rendered. The

facts upon which it is based are sufficiently stated in the opinion.

W. BOYLES, and BRAGG & THORINGTON, *pro motion.*

JOHN W. A. SANFORD, Attorney General, and ROBERT H. SMITH, *contra.*

BRICKELL, C. J.—This appeal is taken from a decretal order, ascertaining and declaring the compensation of a receiver appointed in this cause, and his solicitor, and directing its taxation as costs against the appellant, the complainant in the suit. The statute limits appeals, (unless otherwise ' directed), to final decrees.—R. C. § 3485. The final decree, which, under the statute, will support an appeal, is that which settles the equities, and adjudges the rights of the parties.—1 Brick. Dig. 89, § 85. An interlocutory or decretal order, touching matters arising incidentally in the progress of the cause, remains under the control of the chancellor, subject to the rescission or modification, as the exigencies of the case or the rights of the parties may require, and are not revisable until the rendition of the final decree. There may be decretal orders of such a nature, that the immediate correction of granting or refusing them, is indispensable to the due administration of justice. Of this kind the case of *Ex parte King*, 27 Ala. 387, is an example. When such is the case a *mandamus* has been awarded in the exercise of the power of general superintendence over inferior jurisdictions with which this court is clothed.

The decretal order under consideration is completely within the control of the chancellor, and if erroneous, he can, and would doubtless, on a proper application, rescind or modify it, at any time before the final disposition of the cause. The case is clearly distinguishable from that of *Magee v. Cowperthwaite*, 10 Ala. 966, in which a writ of error was supported from a decree of the chancellor, overruling exceptions to the report of the register, stating the accounts, and fixing the compensation of a receiver. The equities of the case had all been previously settled and a decree rendered, which had been affirmed in this court. The cause remained in the chancery court, only for a settlement of the accounts of the receiver, and the decree settling them was the final disposition of the cause. Over that decree, after the term of its rendition, the chancellor had no power, and there were no parties to be affected by it, but the complainants and the receiver. The equities of this case have

[Riggs v. Fuller et al.]

not been settled—the whole cause is within the control of the chancellor, and the order complained of cannot affect the final decree which may be rendered. The direction that execution may issue against the appellant for the compensation allowed, cannot change the character of the order. We presume it was inadvertently inserted, as in no event can an execution issue against the State.

The motion to dismiss the appeal must be sustained. It is not proper, therefore, to express any opinion on the regularity of the order, or whether the facts found in the record support it. These are inquiries which will arise, if on a proper application, the chancellor should refuse to rescind or modify it, and an appropriate remedy should be pursued to correct any error he may be found to have committed.

The appeal is dismissed.

STONE, J., not sitting.