Morgan, trustee, *vs.* Hardee, administrator.

1. Where the fixing of the fees of a receiver involved his character, and a verdict was rendered in his favor, and subsequently thereto he died, a new trial should not be granted, on motion thereafter made, unless on strong grounds, showing substantial errors of law and fact.
2. There was no such material error of law as to require a new trial.

3. In regulating the compensation of a receiver or other officer of court, this court will defer much to the court appointing such officer and supervising his conduct; and where a jury has found the receiver upright and his compensation reasonable, and the court below has refused a new trial, a reversal will not be granted, except in a strong case, especially after the death of the receiver.

4. Newly discovered evidence, cumulative in its character, and attacking the conduct of the receiver after his death, did not require a new trial.

January 8, 1884.

New Trial. Receivers. Before Judge ADAMS. Chatham Superior Court. March Term, 1883.

On a bill filed by Moses Ferst *et al.*, creditors of H. Mayer & Company, George Von Seybold was appointed receiver. Subsequently, trustees in bankruptcy of H. Mayer & Company, that firm having been adjudged bankrupts, filed a petition to have the assets in the hands of the receiver turned over to them. This case was carried to the Supreme Court, and resulted in a judgment that the assets should be paid over to the trustees. This judgment was as follows:

"Let the fund in the hands of the receiver be turned over to the petitioners, except so much thereof as may be legally necessary to defray the costs and expenses of collecting the fund and of securing it, until the order of surrender shall be granted, in pursuance of the directions now given."

This judgment was made the judgment of the superior court, February 10, 1877. On the 31st of March, 1877, the receiver filed a petition for compensation, praying that he might receive five per cent upon receipts and disbursement of the total fund, as finally acted upon by said court, and his expenditures to the amount of $1,146.63, counsel fees being paid out of the fund. Which petition was subsequently amended, so as to be a petition for $3,000.

The trustees in bankruptcy objected to the allowance of the fees prayed, on various grounds, the substance of which was that the court had no jurisdiction to allow the com-

Morgan, trustee, vs. Hardee. administrator.

pensation, and because the receiver was not entitled to any compensation.

Different branches of this case have several times been to this court, and will be found reported in 55 *Ga.*, 546; 57 Ib., 561; 60 Ib., 20.

The court overruled the grounds relating to the jurisdiction, as covered by the ruling in 60 *Ga.*, 20; and the other objections were submitted to a jury. There were two principal points of contest: First, whether the amount claimed as disbursements and expenses, and for compensation of receiver, were correct; and second, whether the receiver had forfeited any claim to compensation by reason of mismanagement·and violation of duty.

A considerable amount of evidence was introduced, mainly consisting of reports and statements of the receiver as to the assets in his hands, and the disposition of the same, and the expenses incurred. It is unnecessary to set this out in detail.

One ground of complaint against the receiver was that he had placed $19,504.35 of the funds collected by him in the private banking house of E. C. Anderson, Jr., & Company at interest; that, by reason of his *laches*, Anderson & Company had failed, and had been unable to pay the amount so deposited, and that suit had been rendered necessary to recover it; that the receiver had received interest on the amount, which he had not at first stated in his return, but had subsequently added, and that he had kept this interest with his own private funds. The receiver, on the other hand, denied all impropriety in his conduct, and insisted that his services were worth the amount claimed; that the amount·claimed for expenses was correct, and that he had not been guilty of *laches ;* that he had stated the deposit in different petitions and reports filed by him, and that the cause of the delay in the collection was the death of a member of the firm of bankers, and the delay in settling his affairs.

The jury rendered a verdict in favor of the receiver for

$3,000 00 and his disbursements, and a decree was entered thereon. On the same day an order was passed reciting that the receiver had in hand, over and above the amount advanced to him as compensation and disbursements, $1,-748 00, and ordering that he bring that amount into court on the first Monday in March thereafter, for investment. The date of the order was January 25, 1879. A few days after the verdict, the receiver died. Subsequently, his legal representative was made a party, and a motion for new trial was made by the trustees, on the following among other grounds:

(1) to (5). Because the court overruled the objections of the trustees in bankruptcy to the allowance of the compensation prayed by the receiver, based on jurisdictional grounds.

(6.) Because the court admitted testimony as to the services rendered since the order to the receiver to turn over all the funds to the trustees in bankruptcy was granted, viz: February 10, 1877.

(7.) Because the court charged as follows. " I charge you that if Mr. Von Seybold made a deposit of this fund in the private banking house of Anderson & Company, such deposit was not illegal, if he made it in good faith, and without intention to defraud anybody, and in accordance with his authority as receiver. I charge you that he had as much right to deposit there as in any other bank. Of course, if he made the deposit in bad faith, and for a malign purpose, and not in conformity with his duty as receiver, you are to take that into consideration in making your verdict."

(8.) Because the court permitted the petitioner to testify, over objection, that his services were worth the sum of $3,000.00. [The record shows the following colloquy on this subject: Question: " What value do you place upon your services as a valuation of the same?"—Objected to by opposing counsel as matter of opinion. The court said, " Don't ask him an opinion."— Question: " From the value

of your time and the services done as you have detailed, state to the jury what is the value of your services."—Objected to, but ruled in by the court. Answer: " Three thousand dollars, from 1874 until now."—The witness had previously detailed his services and expenses, and stated the salary which he had been receiving before he became receiver, and the amount of time devoted by him to his work as such.]

(9) to (13). Because the verdict is contrary to law, evidence and equity.

(14.) Because the verdict contemplated giving to the receiver payment for the whole service of administering the estate; whereas, he had before his death only partially administered it, and another receiver had to be appointed after his death to finish the work.

(15.) Because of the discovery of new evidence proving that the receiver had died insolvent, and leaving at the time of his death no funds that had been in his custody, nor in the custody of any bank or person for him.

Pending this motion for new trial, a motion was made to disallow and dismiss the claim of the receiver, notwithstanding the verdict of the jury, on the ground that he had appropriated to his own use the funds of the estate, in violation of law and of the orders of court. Affidavits were introduced in connection with the last ground of the motion for new trial, and in connection with this motion to disallow. Both the motions were heard in 1883, and overruled, and movants excepted.

C. N. West; H. C. Cunningham; J. R. Saussy, for plaintiff in error.

W. S. Chisolm; Wm. Garrard, for defendant.

Jackson, Chief Justice.

In 1879 a verdict was returned, fixing the fees of the intestate of the defendant in error at $3,000.00, for the

management of a very heavy and complicated business, as receiver, for several years. The receiver died a short time after the verdict,—within six days; a motion was made for a new trial, which was not heard until 1883, and was then overruled on all the grounds therein set out. The refusal of the new trial is the error assigned.

1. The case involved the character of the deceased receiver. It was settled by the jury in his favor while he was alive and able to explain all his conduct; he did explain it to the satisfaction of the jury; to open it again for another hearing after his death, ought, in common reason and plain justice to the dead, to require strong grounds showing errors of law and fact.

2. We see no such material errors of law in the trial of the issue, if indeed there be any at all, as require us to set aside the verdict and grant a new trial against the judgment of the superior court.

3. Nor do we see anything in the verdict conflicting with the weight of the evidence so greatly as to show bias or injustice. On the contrary, the verdict appears to be well supported by the testimony. The compensation is quite moderate, compared with the responsibility and labor of the defendant in error, and cannot be attacked as at all exorbitant. In regulating the compensation of the receiver or other officer of a court, this court, on review, will defer much to the court appointing such officer and supervising his conduct, and where not only a jury on facts, but the court below, on considering the verdict on a motion for a new trial, find the officer's conduct upright and the compensation just, this court will never interfere except in a very strong case, especially after the officer's voice is hushed in death.

4. The newly-discovered evidence is simply the renewal of an attack on the official conduct of the deceased, which might be explained were he living; and believe it is hardly other than cumulative in its character.

On the whole, we are clear that the court below did right to close up this branch of this protracted litigation, and did not err in letting the verdict stand, especially as the sureties offered to pay the little balance apparently due by the receiver.

Judgment affirmed.