The opinion of the court was delivered by
Fenner, J.
Intervenor, F. W. Bauman, was appointed liquidator of the partnership of Milmo, Stokoe &Oo., a firm engaged in the lumber and lumber-milling business, with powers limited to the care and custody of the partnership property and to the collection of its debts. The property was valuable, consisting of saw-mill, planing and shingle mills, lumber on the yard, swamp land, logs cut and ready for rafting, a steamboat, mules, carts, etc., besides accounts and bills receivable. The liquidator furnished a bond of $10,000. He served for about one year. During that time he collected about $7000 of the debts, and also about $4000 for lumber sold by him with the consent of the parties interested. His other duties were confined to the care and superintendence of the property, the operation of the business being ‘entirely suspended. His duties were responsible and no doubt occupied most of his time and attention. He filed an account which was accepted and approved without opposition, except as to two items, viz.: (1) His compensation as liquidator; (2) his charge for fees of his attorneys who filed his account.
As to his own compensation witnesses were examined by both parties who gave various estimates as to the quantum meruit of his services, varying from $1200 or $1500 to $3500, which was claimed. The judge a quo fixed the amount at $2000, from which the liquidator appeals. We have read and weighed the testimony and find in it nothing which would justify us in disturbing the judge’s finding, which, on such a matter, is entitled to great weight and is not to be interfered with except for manifest error.
We think, however, the judge erred in rejecting entirely the claim for attorneys’ fees.
It appears that all the legal advice and services required by the liquidator up to the moment of filing his account had been rendered without charge by the counsel of plaintiff in the suit. At that time the plaintiff’s counsel, considering that the liquidator’s account must include his fees for services and would thus involve a conflict of in *1067 teresb between the liquidator and their client, advised the liquidator “ to procure the services of an attorney to represent him in filing his account and incidentally in collecting his fees as liquidator.” Accordingly the liquidator employed Messrs. Weeks & Weeks for that purpose. The account was already made up, and Messrs. Weeks & Weeks had nothing to do but to file it and to claim in his behalf the fees for his own and for his attorney’s services. There was no litigation over the account except as to these two items.
The judge, in his opinion, admits that the liquidator had the right “ to employ counsel to assist him in filing his account and in having the same homologated” and that “the fees of attorneys incurred for such purpose constitute a legal charge against the assets of the estate;” but he adds, “ when the liquidator employs counsel merely to protect his own individual interest, as in this case, the court is of opinion that it is neither just nor equitable that the estate should be made responsible.”
Now in this case it is admitted that these attorneys were employed to file the account and to have it homologated, and that they actually performed these services. This alone is sufficient to establish his right to claim a fair fee for his attorneys. The fees of the liquidator form a necessary element of his account, and we think the professional services rendered in defending this item of the account were fairly chargeable to the estate, especially in a case like the present where the trial had and evidence taken were essential to furnish the judge a basis for intelligent action in fixing the amount.
Considering, however, that the attorneys had no labor in framing the account and encountered no opposition except as to these particular items and the brevity of the trial thereon, we think a fee of $100 will be a sufficient allowance.
It is therefore adjudged and decreed that the judgment appealed from be amended by reversing that portion thereof which rejects the demand for attorneys’ fees, and by now allowing and fixing the same at the sum of $100, and that, as thus amended, the judgment be now affirmed, appellees to pay costs of this appeal.