[S. F. No. 880.   Department Two.—January 30, 1899.]

BEHREND JOOST, Appellant, v. SANFORD BENNETT, Receiver, etc., Respondent.

RECEIVER—ACTION FOR SERVICES—ALLOWANCE BY COURT.—An action will not lie for services rendered to a receiver of a railroad corporation in aiding and supplementing the superintendence due from the receiver; but all charges for services rendered to the receiver, of whatever kind, are to be allowed by the court to the receiver as part of his expenses, and not to the claimant. Such charges are in this respect like the expenses of administration incurred by an administrator.

ID.—DEFENSE OF PENDING ACTIONS BY RECEIVER—DIRECTION OF COURT.— In no case should a receiver of a railroad corporation undertake the defense of any actions pending against the corporation at the date of his appointment, unless directed or authorized to do so by the court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Mullany, Grant & Cushing, for Appellant.

Reddy, Campbell & Metson, and Robert A. Friedrich, for Respondent.

TEMPLE, J.—This is an appeal by the plaintiff from the judgment and from an order refusing a new trial.    The action was brought and prosecuted by leave of the court in which the receiver was appointed, against the defendant herein as such receiver, for causes alleged in the complaint.

The complaint contains two causes of action.    In the first, after showing the due appointment of the defendant, it is averred: "That plaintiff herein was employed by, and rendered services to, said Sanford Bennett, as such said receiver, at his request, in the necessary and proper services and management of the property, business, and operations of said San Francisco and San Mateo Railway Company, and in the defense of its interests, and in the prosecution of its rights and claims in numerous proceedings and actions at law, and in the preparations for the trials of said actions, and in becoming informed upon and regarding the same, and in settling and adjusting the claim and demands made in and by said actions against said San Francisco and San Mateo Railway Company and its property, and by the parties and persons who were and are prosecuting their said claims against said railway company and its property, through and by said actions.    That said services were performed by plaintiff for and at the request of defendant, as aforesaid, from or about the first day of September, A. D. 1894, to the first day of March, A. D. 1896, and was so performed in and concerning and pertaining to the rights, property, and interests of said San Fran-

cisco and San Mateo Railway Company, under the charge, direction, and management of said defendant, as such said receiver, in the following causes and proceedings, viz., in consulting, advising, and operating with and instructing said defendant, receiver, and his legal counsel and attorneys, in the following actions and causes, and the property, claims, and affairs involved therein, viz."; then follows the enumeration of thirty-eight different actions by their titles, then pending against the said corporation; also the statement of a controversy between said corporation and the Market Street Railway Company in regard to protecting the franchise for railroad purposes on Frederick street; also, the controversy with the same street railway company as to mutual accommodations of their respective railways on Valencia and Fourteenth streets, Castro and Eighteenth, Mission and Fourteenth, and Sixth and Harrison streets, Sixth and Bryant streets, and Fifth and Bryant streets, in said city and county of San Francisco; also, in arranging a controversy between the corporation and said Market Street Railway Company, on Stanyan street between Waller and Frederick; also, in resisting attempts made by and on behalf of the board of supervisors, and certain members composing said board, of the city and county of San Francisco, to declare and order vacated the franchise for railroad purposes granted to the said corporation. Then follows an averment as to the value of the said services.

The second cause of action stated in the complaint is for the rent of seven certain lots of land alleged to belong to the plaintiff. It is charged that defendant, as receiver, "for the purposes of carrying on the traffic of the railroad of said railway company, or of maintaining its railroad for the purpose of carrying passengers thereon, and maintaining a way for its rolling stock, railroad, cars, and trains," rented, hired, occupied, and used these lots.

Defendant in its answer denied all the material allegations of the complaint except as to his official character. At the trial, a jury was waived, and the court found in effect that the plaintiff did not render the services charged, at the request of the receiver, but that such services as he did render were rendered in his character as president of the railroad corporation.

As to the second cause of action, the court found that the defendant did not rent any of the land from plaintiff, and did

not contract to pay him rent therefor.   This finding is abundantly supported by the evidence.   Whatever claim Joost may have for the use and occupation of the land, he certainly had no claim for conventional rents.

The action against the receiver, as such, for the services which it is averred were rendered by plaintiff, cannot be maintained. The service, it will be seen, was not that required in continuing and carrying on the business of the corporation, but was to aid and supplement the superintendence, which was due from the receiver himself.   It is presumed from his acceptance that the receiver was competent for his position.   If he was not, and needed such advice as is charged in the complaint he received from the plaintiff, he should have paid for it himself, and the court, in the settlement of his accounts, would be justified in refusing to allow credit for such disbursements.   It appears that the receiver was allowed twelve thousand dollars for twenty-three months' service as receiver, and for his attorney he was allowed sixteen thousand dollars more.   The entire property was sold for three hundred thousand dollars.   We are not in a position to say that the allowance was unreasonable, but it was a good deal to pay for superintendence.   But in no possible case could such a suit be maintained.   Neither Joost, for services of this character, nor the attorney for the receiver, had any claim directly against the property in the hands of the receiver.   If the allowance had been made, it would have been made not to Joost but to the receiver for moneys properly expended by him. (Smith on Receiverships, sec. 129; *Stuart v. Boulware,* 133 U. S. 78.)   The charges of the plaintiff for services are, in this respect, exactly like the expenses of administration incurred as an administrator.   (See, on this subject, *Gurnee v. Maloney,* 38 Cal. 85; 99 Am. Dec. 352; *Firebaugh v. Burbank,* 121 Cal. 186; *Estate of Kasson,* 119 Cal. 489; *Estate of Kruger, ante,* p. 391.) It may be that a case might arise where such an allowance would be proper, but that is a matter to be determined in the first instance by the court whose officer the receiver is, and when an allowance is made, as already stated, it will not be to the attorney or the other counsel who have aided the receiver by advice, but to the receiver as a proper expenditure made by him.

The trial court found that such services as were rendered by plaintiff in regard to the litigation set out in the complaint were rendered by him as president of the corporation. This may be so. Upon the statement found in the record it is difficult to determine this matter. It is said the receiver was appointed at the instance of creditors. If those creditors had liens upon the property, the receiver would not have been interested in pending suits for damages against the corporation wherein personal judgments only could have been recovered. If the receiver represented unsecured demands he would be interested, but in no case should the receiver have undertaken the defense of suits pending when he was appointed receiver, unless directed or authorized to do so by the court. It was for the court, and not for the receiver, to determine what actions against the corporation the receiver should defend at the charge of the fund which he held for the court. It does not appear that the receiver was directed to defend any of these suits. Many of them are shown to have been actions for damages which were pending when the receiver was appointed. That the receiver was interested in them is not shown, except as to one case, but the stockholders certainly were interested, and Joost, as president of the corporation, was interested. Upon the other ground, however, it is evident that this suit cannot be maintained.

Judgment and order affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.