UNION NATIONAL BANK OF CHICAGO, Respondent, vs. MILLS, Receiver, Appellant.

*April 6 — April 25, 1899.*

*Appealable orders: Receivers: Compensation: Leave of court.*

1. The settlement and allowance of a receiver's compensation is a special proceeding within the meaning of subd. 2, sec. 3069, Stats. 1898, and the order fixing the amount thereof and directing the payment over of the money remaining in his hands is a final order affecting a substantial right, and hence appealable.

2. A court has power, and it is its duty, to fix the compensation of its own appointee as receiver, and, in the absence of statutory regulation, it is left entirely to the determination of the court from which he derives his appointment, subject to review for manifest abuse.

3. A receiver's compensation should correspond with the degree of business capacity, integrity, and responsibility required in the management of his trust, and a reasonable and fair compensation should be allowed according to the circumstance of each case, to be determined *from the court's own knowledge of the situation,* aided, if in doubt, by the testimony of men of experience in such matters.

4. Where a receiver after making his inventory and attending to the sawing of the logs, the subject of his trust, which occupied not to exceed forty-five days, had little else to do but sell the lumber, and he had kept no record of time spent, but according to his own best estimate he had been engaged not to exceed 130 days, an allowance of $200 per month for six months will not be increased on appeal.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

This action was commenced to foreclose a chattel mortgage upon a lot of logs, lath, lumber, and shingles, of the value of about $38,000. Such proceedings were had that on November 21, 1895, the appellant, *A. R. Mills,* was appointed as receiver. He duly qualified as such, and took possession of and sold the property under the direction of the court. Upon filing his final account, objections were made by the

plaintiff, and particularly to the claim of the receiver for services for sixteen months at the rate ·of $200 per month. An issue was made up, and the matter was tried before the court. Final judgment having been entered in the action, the court passed upon the receiver's account, allowing his claim for services at $1,200, and directing the payment of the money remaining in his hands to the plaintiff. The receiver appeals from that portion of the order which allowed him but $1,200 for services, and disallowed his claim for $3,200. At the argument the plaintiff made a motion to dismiss the appeal on the ground that the order was not appealable.

*Geo. P. Knowles,* for the appellant.

For the respondent there was a brief by *Dickinson, Kennedy & Graham,* and oral argument by *S. N. Dickinson.*

BARDEEN, J. The motion to dismiss the appeal must be denied. The settlement and allowance of the receiver's account is a "special proceeding" in the action, within the meaning of subd. 2, sec. 3069, Stats. 1898. The order of the court fixing the amount of the receiver's compensation, and directing the payment over of the money remaining in his hands, is "a final order affecting a substantial right," and is therefore appealable. See *Collins v. Case,* 25 Wis. 651. The case of *McKinnon v. Wolfenden,* 78 Wis. 237, has no application to the facts here presented. In that case the receiver appealed from an order in the action made before his appointment without leave of court. The court very properly said that without such authority it was not competent for him to take the appeal.

The power and duty of courts to fix the compensation of their own receivers is well established. In the absence of statutory regulation the matter is left entirely to the determination of the court from which he derives his appointment. High, Receivers, § 781. We have no statute bearing

upon the subject.    So far as we are advised, no rule has been established in this state for determining the amount of compensation to be allowed receivers.    In some states the courts have seen fit to fix such compensation by analogy to the cases of guardians, executors, or other persons occupying fiduciary relations.    High, Receivers, § 785.    The difficulty, however, of establishing any inflexible rule is manifest. There are, no doubt, cases in which the receiver's duties and labors are exceedingly difficult and onerous, and in which his compensation fixed on an established rate of percentage would be wholly inadequate.    From the very nature of litigation, the amount of responsibility and labor required of a receiver must vary, not always in proportion to the amount involved.    A general rule well recognized is that a receiver's compensation should correspond with the degree of business capacity, integrity, and responsibility required in the management of his trust, and that a reasonable and fair compensation should be allowed, according to the circumstances of the particular case.    This leaves the matter wholly in the discretion of the judge making the appointment.    His decision cannot be reviewed except for manifest abuse.    He is presumed to know the circumstances and situation of the trust property, the amount and kind of labor required to manage and handle it to the best advantage, the business ability and skill the receiver has manifested in the discharge of his duties, the responsibilities and difficulties encountered in the performance of his trust; and from his knowledge of the situation he is bound to allow the receiver a fair and reasonable allowance for his services, and no more. If he is in doubt as to what will be a reasonable allowance, he should do as was done in this case,— take the testimony of men of experience in such matters, and from that testimony *and his own knowledge of the situation* fix the receiver's pay at such an amount as would seem just and fair in the premises.    The language of Mr. Justice WINSLOW in *Ford v.*

*Ford,* 88 Wis. 122, is directly applicable to the facts in this case. He says: "In the present.case the court is fixing the value of the labor of its own officer in the transaction of the business of the court. The county judge has necessarily more intimate knowledge of the amount, kind, and worth of the labor performed than any one else. While the evidence of experts is helpful, and proper to be considered, we do not consider it absolutely binding on the court. The statute expressly says that such extra compensation shall be allowed as the county court shall judge *reasonable.* This evidently contemplates that the court shall exercise its sound discretion in the matter, and is not bound to allow exorbitant sums, though there may be evidence, uncontradicted, which supports such exorbitant charges. The final test is, What does the court, in view of the evidence and its own knowledge of the facts, judge reasonable?"

If we were to dispose of this case on the question of preponderance of evidence alone, we should not feel compelled to reverse this order. It does not appear that the receiver's duties were particularly difficult or burdensome. After the inventory was made and the logs were sawed, which occupied not to exceed forty-five days at the outside limit, he had but little else to do than to sell the lumber. The court allowed him for six months' time in all, at the rate of $200 per month. The receiver admits that he kept no record of the days he spent in connection with the business, or the time actually engaged. According to his best estimate, he had not been engaged to exceed 130 days. The court allowed about 180. Under the circumstances, we see no abuse of discretion.

*By the Court.*— The order appealed from is affirmed.