THE STATE OF NEBRASKA, APPELLEE, V. NEBRASKA SAV-
INGS & EXCHANGE BANK, APPELLEE, AND WILLIAM
K. POTTER, RECEIVER, APPELLEE, AND WILLIAM O.
BARTHOLOMEW, A CREDITOR, APPELLANT.

FILED MARCH 6, 1901.    No. 11,882.

1. **Absence of Bill of Exceptions:** PRESUMPTION AS TO EVIDENCE. It
will be presumed, in the absence of a bill of exceptions, that
there was before the trial court acting on a motion to approve
the report of a receiver, and the objections thereto, evidence
sufficient to support the order made.

2. **Presumption of Regularity of Proceedings:** ONUS PROBANDI. All
presumptions are in favor of the regularity of the proceedings
and the order of the trial court, and the burden of proving
the contrary is on the one asserting error, and until such is
made to appear affirmatively from the record, the order or
judgment complained of will not be disturbed.

3. **Receiver of Insolvent Bank is Officer of Court.** A receiver of an
insolvent bank appointed by the district court for the purpose
of taking charge of its assets and winding up its affairs is a
special officer of the court, and his report, being verified, is
*prima facie* evidence of its correctness and entitled to the same
consideration as the return of any other officer of the court,
and in order to be impeached must be overcome by other com-
petent evidence.

4. **Receiver:** COMPENSATION: DISCRETION OF COURT. The allowance of
compensation of a receiver for his services is largely in the
discretion of the trial court having charge of the receivership,
and unless it is made to affirmatively appear that the amount
allowed is erroneous, and there has been an abuse of discre-
tion, the order of allowance will be sustained.

APPEAL from the district court for Douglas county.
Heard below before FAWCETT, J.  *Affirmed.*

*William O. Bartholomew*, for himself.

*Frank N. Prout, Attorney General*, for the state.

*Silas Cobb*, for the receiver.

HOLCOMB, J.

From an order approving and confirming a report of
the receiver in the matter of winding up the affairs of the
Nebraska Savings & Exchange Bank an appeal is taken

by the appellant, on objections and exceptions entered by him against the acceptance of the report, as a creditor of the institution in the control of the receiver. No bill of exceptions has been preserved, and the case is before us on a transcript of the record. It will be presumed, in the absence of a bill of exceptions, that there was before the trial court acting on the motion to approve the report, and upon the exceptions thereto, evidence sufficient to support the order made. *Fisk v. Thorp*, 60 Nebr., 713; *Van Etten v. Test*, 49 Nebr., 725.

Complaint is made because the form of the report of items of debit and credit is according to rules of double entry bookkeeping. This objection does not go to the correctness of the report, but only to its form. The one question is whether the receipts and expenditures by the receiver are in accordance with the directions of the court and in conformity with the law in the accomplishment of the purposes for which the receiver was appointed. The presumptions are all in favor of the regularity of the proceedings and order of the trial court, and the burden of proving the contrary is on the one asserting error, and until such is made to appear affirmatively from the records, the order or judgment complained of will not be disturbed. *Wright v. State*, 45 Nebr., 44; *Ætna Ins. Co. v. Simmons*, 49 Nebr., 811; *American Investment Co. v. McGregor*, 48 Nebr., 779. The office of the receiver is to aid and assist the court in the collection and distribution of the assets of the insolvent bank. He is, as it were, a special officer of and under the orders and direction of the court. "He is the arm of the court," says NORVAL, J., in *State v. Bank of Rushville*, 57 Nebr., 608, and where there is no abuse of discretion in any action taken in regard to the action of the receiver, this court will not on review disturb an order thus made. The report of the receiver being verified was, we think, *prima facie* evidence of its correctness and sufficient to justify the conclusion reached by the trial court in its approval and adoption, and to overcome this presumption there must be some

evidence showing wherein it is incorrect. It is entitled to the same consideration as the return of any other officer of the court, and in order to be impeached must be overcome by other competent evidence.

As to the compensation to be allowed the receiver for his services, this is a matter largely in the discretion of the court having charge of the receivership; and unless it be made to appear affirmatively that the amount allowed is erroneous and there has been an abuse of discretion in the action taken in approving the report, it will not for that reason be reversed. In making such allowance the court is not confined to evidence formally introduced, in respect to the matter, but may act on his own knowledge and judgment as to the reasonableness of the charge in connection with what has been done by the receiver in discharge of the duties of his receivership, and the nature, extent and value of the services rendered. *In re State Bank*, 57 Minn., 361.

Without determining the right of appellant to be heard in this court, which is doubtful, because no appealable interest is disclosed by the record, our judgment is that the order complained of is in conformity with law and should be affirmed, which is accordingly done.

AFFIRMED.