## FIRST NATIONAL BANK *v.* OREGON PAPER COMPANY.

[71 Pac. 144, 971.]

RECEIVERS—PRESUMPTION AS TO VALUE OF PROPERTY.

1. In determining the compensation of a receiver, where the inventory does not show the value of any of the property, the court will presume that it was worth what it finally realized.

RECEIVER'S COMPENSATION—DISCRETION OF COURT.

2. Generally the amount allowed a receiver for his services is discretionary with the trial court, and will not be modified except under unusual circumstances.

ERROR NOT PRESUMED—NECESSITY OF EVIDENCE IN THE RECORD.

3. In the absence of the testimony on which a trial court acted in exercising its discretion, an appellate court will not review the order; for instance, on appeal from an order refusing to make an allowance for an attorney employed by receivers, where the only showing in the record as to the nature or value of the alleged services is a statement that the receivers employed an attorney to make their report and defend the possession of a large amount of property, the action of the trial court in refusing to allow attorney's fees will not be considered erroneous.

RECEIVERS—ALLOWANCE OF ATTORNEY'S FEES.

4. An allowance for the services of counsel for a receiver is made to the receiver, and not to the counsel.

BILL OF EXCEPTIONS—UNANSWERED QUESTION.*

5. Appellant cannot review an alleged denial of opportunity to introduce evidence, where the record fails to show that he offered testimony and excepted to its exclusion.

From Multnomah: ARTHUR L. FRAZER, Judge.

This controversy involves the question of the compensation to which receivers are legally entitled and the allowance they should have for their attorney. The First National Bank of Portland having commenced a suit against the Oregon Pulp & Paper Co., a corporation, to foreclose a mortgage given by it to secure the payment of the sum of $10,000, the court, on July 5, 1901, appointed E. E. Merges and L. E. Latourette as receivers, with directions to file an undertaking in the sum of $5,000 and to take possession of the mortgaged property, consisting of certain real estate in Multnomah County, with a pulp and paper mill and other buildings thereon, and certain machinery, tools, etc. The receivers, complying with the order, took possession of said property and filed an inventory thereof, but failed to appraise any of it. Their reports show that they manufactured a quantity of paper, which, with that on hand, they sold for $1,647.04, and incurred an expense of $1,141.70 and, having claimed $310 as compensation for their services and $250 as attorney's fees, J. A. McCreary, a creditor of said defendant, objected thereto, whereupon the court, after due

*NOTE.—The following previous decisions of this court illustrate the rule applied here: *Kelley* v. *Highfield,* 15 Or. 277; *Stanley* v. *Smith,* 15 Or. 505; *Tucker* v. *Constable,* 16 Or. 407; *State* v. *Gallo,* 18 Or. 423; *Craft* v. *Dalles City,* 21 Or. 53; *State* v. *Bartmess,* 33 Or. 110; *Coos Bay Nav. Co.* v. *Endicott,* 34 Or. 573; *French Livestock Co.* v. *Springer,* 35 Or. 312; *State* v. *Savage,* 36 Or. at p. 209; *Beers* v. *Aylsworth,* 41 Or. 251.—REPORTER.

consideration, made an order awarding them $150, but refused to allow any sum as attorney's fees, and they appeal from such order.                                                  AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Milton W. Smith.*

For respondent there was a brief and an oral argument by *Mr. Horace B. Nicholas.*

MR. CHIEF JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

It is contended by appellants' counsel that the remuneration to which a receiver is entitled depends upon the value of the property committed to him, the character of the service demanded, and the amount of labor performed, and, in the absence of any statute regulating such remuneration, its measure is determined by the rule prescribing the compensation for an executor or administrator; that a receiver is also entitled to a reasonable fee for the services of an attorney; and that the court erred in not allowing the appellants the amount claimed by them. The compensation allowed an executor or administrator is a commission upon the whole estate accounted for by him, and the statute prescribing the rate is as follows: "(1) For the first thousand dollars, or any less sum, at the rate of seven percentum thereof; (2) for all above that sum and not exceeding two thousand dollars, at the rate of five per centum thereof. * * In all cases, such further compensation as is just and reasonable may be allowed by the court or judge thereof, for any extraordinary and unusual services not ordinarily required of an executor or administrator in the discharge of his trust": B. & C. Comp. § 1209.

1. Assuming, without deciding, that the service demanded of a receiver is analogous to that required of an executor or administrator, and that the compensation allowed the latter is the remuneration to which the former is entitled, we will examine the transcript to discover, if possible, the sum which should have been awarded to the appellants. It will be remem-

bered that the inventory contains no appraisement of any of the property. It does state, however, that the real estate was subject to mortgages given April 1, 1900, to defendant A. Neppach for $6,000, and on June 20, 1901, to the plaintiff for $10,000; but the extent of these incumbrances is no criterion of the value of the security. Though the property specified in the inventory necessarily possessed some value, in the absence of an appraisment thereof its extent must have been $1,647.04, the sum realized from the sales of paper, which must be regarded as the whole estate accounted for by the receivers, the commission upon which at the rate specified is $102.35. Latourette filed an affidavit in support of the sum claimed as compensation, to the effect that the labor performed by the receivers covered a period of seven months, and consisted in taking a list of the property and making an inventory thereof, operating the mill four weeks, manufacturing paper, storing and shipping the output of the mill, keeping accounts of the paper manufactured and sold, of the time occupied by the laborers, the wages earned by them, and of the expense of operating the mill, making the reports filed, auditing labor claims, "and in performing many minor duties not herein especially mentioned," all of which have required many trips to the paper mill, occupying much time, thought, and attention on the part of the receivers. If any witness was called to show that the services enumerated by Latourette were extraordinary, or to express an opinion as to the reasonable value thereof, his testimony is not included in the transcript.

2. In *Hembree* v. *Dawson*, 18 Or. 474 (23 Pac. 264), it was held that an allowance made to a receiver as compensation for his services was a matter within the court's discretion, which should not be disturbed, except for an abuse thereof. Tested by this rule, it cannot be said, in the absence of any evidence as to the extraordinary services performed by the receivers, that the court abused its discretion in allowing them only the sum of $150.

3. Their final report contains the following recital: "That your receivers have employed an attorney to make their reports

and defend the possession of a large amount of said property against the demands of the trustee in bankruptcy of said Oregon Pulp & Paper Company.'' This is the only statement to be found in the transcript concerning the extent of the service performed by the attorney or the value thereof. It is quite probable that the trial court may have possessed sufficient knowledge of the service performed by the attorney to determine the amount which should be allowed therefor; but when no testimony accompanies the transcript, whereby the action of that court may be considered or criticised, it is impossible to correct any error it may have committed.

4. An allowance of counsel fees on behalf of a receiver is made to such receiver, and not to the counsel: *Stuart* v. *Boulware,* 133 U. S. 78 (10 Sup. Ct. 242); *Joost* v. *Bennett,* 123 Cal. 427 (56 Pac. 43).

It is possible that the court may have erred in refusing to allow the receivers any sum as attorney's fees; but, if this be so, we are unable to discover from an inspection of the transcript any data by which such error can be corrected, and it follows that the decree must be affirmed, and it is so ordered.

AFFIRMED.

Decided 30 March, 1903.

ON PETITION FOR REHEARING.

MR. CHIEF JUSTICE MOORE delivered the opinion.

5. It is contended in a petition for rehearing that the transcript of the cause shows that the court took no evidence upon the matters involved therein, and that the appellants were not given an opportunity to introduce any testimony in support of their claims. There is no testimony in the record, and a reexamination of the transcript fails to show that any testimony was offered. If the appellants were not allowed to prove their claims, they should have called witnesses, and stated to the court the testimony which it was expected would be elicited from them (*Kelley* v. *Highfield,* 15 Or. 277, 14 Pac. 744), and upon a refusal to receive such testimony take an exception.

The transcript failing to show that the appellants pursued this course, the petition for rehearing in denied.

REHEARING DENIED.

Decided 19 January; rehearing denied 16 March, 1903.