(81 South. 551)

CLIFFORD v. MONTGOMERY. (7 Div. 981.)

(Supreme Court of Alabama. April 10, 1919.)

1. APPEAL AND ERROR ⬅➡78(1)—FINALITY OF DECREE.

The test of finality of a decree to support an appeal is, not whether the cause remains in fieri in the court of equity, awaiting further proceedings to entitle the parties to their acquired right, but whether the decree ascertains and declares such rights, embracing the substantial merits of the controversy and the material issues of fact and law litigated or necessarily involved.

2. APPEAL AND ERROR ⬅➡71(4)—FINALITY OF DECREE—COMPENSATION OF RECEIVER.

Decree allowing compensation to a receiver for the operation of a hotel under the direction of the court and reserving all other questions is final and supports an appeal.

3. APPEAL AND ERROR ⬅➡1009(1) — FINDING BY CHANCELLOR—REVIEW.

The rule precluding review of finding of registers on the oral examination of witnesses, if there is reasonable doubt of its correctness, is applicable to finding of chancellor based on evidence heard in open court.

4. RECEIVERS ⬅➡198(1) — COMPENSATION — AMOUNT.

The test of the reasonable value of the services of a receiver for the operation of a hotel is, not what the receiver might have obtained for his services in some other business wholly different, but what the services actually performed were reasonably worth.

5. RECEIVERS ⬅➡198(2)—COMPENSATION—DISCRETION OF COURT.

Action of the chancery court in fixing $200 per month for a period of eight months as the compensation of a receiver who operated a hotel, which hotel had no dining room, but was only a rooming house, *held* not an abuse of discretion.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Petition for compensation as receiver by J. L. Montgomery, opposed by M. Clifford. From the decree allowing compensation, Clifford appeals. Affirmed.

Willett, Willett & Walker, of Anniston, for appellant.

S. W. Tate, of Anniston, for appellee.

THOMAS, J. The appeal is from a decree allowing compensation to the receiver for the operation of a hotel, under the direction of the court.

The petition for compensation, after demurrer thereto was overruled, was answered, in which it was alleged that the compensation claimed was "grossly excessive; that the operation of the said Anniston Hotel has required no great amount of skill or ability, but the operation of the hotel consists in simple routine work; that no dining room has been operated by the receiver in connection with the hotel, the same being a rooming-house only; that the receiver is not a hotel man or an experienced hotel man, and that his services do not command the compensation that that of an experienced hotel manager would command;" and that the receiver has not given the attention he should have given, has permitted "paper, trash, and débris" to accumulate in said hotel, and this, among other things, is a reason why the claim is excessive.

After testimony of witnesses Montgomery and Edmondson was taken in open court before the judge, and after consideration of all the evidence, Montgomery was allowed, as receiver, the sum of $200 per month, aggregating the sum of $1,600; the decree concluding that "all other questions are reserved." From such decree the appeal is prosecuted.

[1, 2] The test of finality of a decree to support an appeal is, not whether the cause remains in fieri in the court of equity, awaiting further proceedings to entitle the parties to their acquired right, but whether such decree ascertains and declares such rights embracing the substantial merits of the controversy, and the material issues of fact and law litigated or necessarily involved. A denial of an assignee's petition for ascertainment, by

reference, of his reasonable compensation, is a final decree and appealable. De Graffenried v. Breitling, 192 Ala. 254, 259, 260, 68 South. 265; Plunkett v. Dendy, 197 Ala. 262, 264, 72 South. 525. That is to say, such judgment is final, in that it will support an appeal by the party adversely concluded thereby. Magee v. Cowperthwaite, 10 Ala. 966; Thornton v. H. A. & B. R. R. Co., 94 Ala. 353, 356–358, 10 South. 442; Cobbs v. Vizard Inv. Co., 182 Ala. 372, 374, 62 South. 730, Ann. Cas. 1915D, 801; Coffey v. Gay, 191 Ala. 137, 67 South. 681, L. R. A. 1915D, 802; State v. Ala. & C. R. R. Co., 54 Ala. 139, 140; Bosworth v. St. L. Terminal R. Ass'n, 174 U. S. 182, 189, 19 Sup. Ct. 625, 43 L. Ed. 941.

[3] In Andrews v. Grey, 74 South. 62,[1] this court said of a decree founded on testimony taken orally in open court under the provisions of Gen. Acts 1915, p. 705, that the same presumption will be indulged by the Supreme Court in favor of the chancellor's findings as are accorded the findings of a register based on oral testimony, under construction of Code, § 5955, subd. 1. Manchuria S. S. Co. v. Donald & Co., 200 Ala. 638, 77 South. 12; Blair v. Jones, 201 Ala. 293, 78 South. 69; Barton v. Burton Mfg. Co., ante, p. 180, 79 South. 664. The presumption as to findings of registers upon the oral examination of witnesses is that it is correct and should not be disturbed if there is a reasonable doubt as to whether it is correct; and this rule applies to the review of such finding, both by the chancellor and by the Supreme Court. Bidwell v. Johnson, 195 Ala. 547, 70 South. 685, and authorities; Andrews v. Grey, supra; A. T. & N. Ry. Co. v. Aliceville Lbr. Co., 199 Ala. 391, 74 South. 441, 448. Such findings have the effect of a jury's verdict. Union Mut. Aid Ass'n v. Carroway, 201 Ala. 414, 78 South. 792; Burgess v. Burgess, 201 Ala. 631, 79 South. 193. Under the rule prevailing at law, such finding would not be set aside. N. C. & St. L. Ry. Co. v. Crosby, 194 Ala. 338, 70 South. 7.

[4] An examination of the evidence shows the reasonable compensation to have been from $100 to $200 per month. The test of the reasonable value of such services is, not what Mr. Montgomery may have obtained for his services in some other business wholly unlike that conducted by the court through the receivership, but what the services performed in the conduct of the business are reasonably worth. In Magee v. Cowperthwaite, supra (10 Ala. 968), Mr. Justice Goldthwaite discussed the rule obtaining in English and American courts, and observed that—

"There is little to be found on the subject of their [receivers'] compensation, except that it is allowed, and usually in the sound discretion of the court." ·

The like rule was recently announced:

"A receiver should not be allowed compensation for his services in different capacities. If he receives compensation as a receiver, it should be in lieu of compensation in other capacities. Battaile v. Fisher, 36 Miss. 321; Holcombe v. Holcombe, 13 N. J. Eq. 417. The compensation may be allowed in the form of periodical payments, of an annual or monthly salary, or of a gross sum, or in the form of a commission on receipts and disbursements. This is left to the sound discretion of the chancellor or court appointing him and allowing compensation; but, if commissions are allowed, they are generally regulated or determined with reference to the amount allowed by statute to personal representatives, trustees, guardians, etc. Magee v. Cowperthwaite, 10 Ala. 966." Sullivan Timber Co. et al. v. Black, 159 Ala. 570, 588, 48 South. 870.

Were this not the rule, courts of chancery would be seriously inconvenienced in the efficient administration of such trust estates through the officers of the court. Coffey v. Gay, supra, 191 Ala. 139, 67 South. 681, L. R. A. 1915D, 802, 807; Saulsbury v. Lady Ensley Coal, I. & R. Co., 110 Ala. 585, 20 South. 72; Batten v. Wedgewood C. & I. Co. (1884) 28 Ch. D. L. R. 317, 324; High on Receivers (4th Ed.) § 781, and authorities; 1 Clark, Law of Receivers, § 826. The necessity for such rule, and (in the absence of legislation) the embarrassment that would result were it otherwise, are well stated by the Lord Justice Turner as follows:

"The court has represented the whole estate, and has stood in the position of a trustee of it, and the consignee was the paid agent of the court to manage the estate which was in the court's hands. The moneys due to the consignee are moneys due to the court itself, and as the court has in its hands moneys belonging to the estate, on account of which it has made the payments, it must have a right to repay itself its advances out of these moneys. This right has priority over the costs of suit, for as to a fund in the hands of a trustee, his expenses must be the first charge on the fund." Morison v. Morison, 7 De Gex M. & G. 214, 226.

Mr. High says:

"In passing upon the compensation of a receiver, an appellate court will ordinarily defer much to the judgment of the court below by which the receiver was appointed, that court having had the supervision of his conduct." Page 916.

This proposition is well fortified with authority. Morgan, Trustee, v. Hardee, Adm'r, 71 Ga. 736; Hinckley v. Railroad Co., 100 U. S. 153, 25 L. Ed. 591; Cake v. Mohun, 164 U. S. 311, 17 Sup. Ct. 100, 41 L. Ed. 447; Nor. Ala. Ry. Co. v. Hopkins, 87 Fed. 505, 509, 31 C. C. A. 94; Wilkinson v. Washington Trust Co., 102 Fed. 28, 42 C. C. A. 140; Braman v. Farmers' Loan & Trust Co., 114 Fed. 18, 51 C. C. A. 644; Heffron v. Rice, 149 Ill. 216, 36 N. E. 562, 41 Am. St. Rep. 271; Culver v. Allen Med. & Surg. Ass'n, 206 Ill. 40, 69 N. E. 53; Baxter v. Hewes, 45 La. Ann. 1065, 13 South. 864; State v. People's U. S. Bank, 197 Mo. 605, 95 S. W. 867; First Nat.

[1] 199 Ala. 152.

Bank v. Oregon Paper Co., 42 Or. 398, 71 Pac. 144, 971; State v. Nebraska S. & E. Bank, 61 Neb. 496, 85 N. W. 391; Union Nat. Bank v. Mills, 103 Wis. 39, 79 N. W. 20; Stuart v. Boulware, 133 U. S. 78, 10 Sup. Ct. 242, 33 L. Ed. 568; 17 Ency. Pl. & Pr. p. 842; Graham v. Carr, 133 N. C. 449, 45 S. E. 847.

Mr. Clark thinks that—

In the absence of legislation regulating the compensation of a receiver, "No strict rule can be laid down fixing the exact amount that should be allowed a receiver as commissions or fees. A number of cases allow 5 per cent. upon the receipts and disbursements of a business as a fair remuneration. Yet 10 per cent. has been allowed and not set aside by the upper court because as a number of considerations were present which might entitle the receiver to more than 5 per cent., and the upper courts are not disposed to set aside the judgment of the master and the lower court as to the amount. The amount to be allowed is within the discretion of the court appointing the receiver, although an abuse of discretion or a refusal of the court to allow any commissions or fees may be reviewed by the upper court. For the services of receiver the law recognizes the justice of compensation measured by the circumstances of the case." Section 826–a.

The case of Henry v. Henry, 103 Ala. 582, 593, 594, 15 South. 916, cited by appellant's counsel, is not in conflict with the conclusion we have reached. It is to the effect that where the powers and duties of a receiver are specifically defined, and the salary to be allowed therefor fixed in the order of his appointment, and he accepts the trust, as thus established, such receiver is not entitled to additional compensation for his services in discharging the duties incident to the trust, unless it is shown that it was necessary for him to do some unforeseen extraordinary labor, for which it would be competent for the court, in the exercise of its discretion, to make him a further allowance.

[5] We find no abuse of discretion by the trial court in fixing the amount indicated in the decree as the just and reasonable compensation of this officer of that court, for the discharge of the duties imposed upon him as receiver of the hotel in question.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.