Argued 25 July, decided 28 August, rehearing granted 4 December, 1905;
reargued 18 January, finally decided 3 April, 1906.

### MULTNOMAH COUNTY v. WHITE.

81 Pac. 388, 85 Pac. 78.

APPEAL—MOTION TO DISMISS.

1. The consideration of a motion to dismiss an appeal, involving the merits of the dispute, may appropriately be continued until the final hearing.

APPEALABLE JUDGMENT—MEASURE OF RELIEF GRANTED—EQUITY.

2. It is a rule of general application that a party cannot appeal from an order granting the relief which he asks, but if the measure of relief allowed falls short of that obtainable under his complaint, he may seek further relief by appeal.

For example: A county having sued to invalidate an exchange by its judge of sundry tax certificates which it owned for certain void warrants, to have the holders of such certificates declared trustees thereof for the county, to restrain their transfer, to recover the proceeds of any that had been sold, and the amount for which the certificates had been bid in by the county, on the theory that the certificates were still outstanding, is entitled to appeal from a decree merely declaring the entire exchange void, since it had asked for a recovery of the value of such certificates as had been sold, it being shown that most of such certificates had been taken up by the property owners and canceled before the filing of the suit.

EFFECT OF DECREE IN COLLUSIVE SUIT.

3. A collusive proceeding is not binding on parties or privies, and questions there decided may be re-examined upon proof of the prior collusion.

ESTOPPEL TO DENY A RIGHT BY ONE WHO EXERCISED IT.

4. One who has exercised a right conferred by another will not be heard to deny that such grantor had the right in question.

For example: One who has collected money from various property owners for certain tax certificates cannot insist that they were void when called upon to account to the true owner, who claimed that they had been unlawfully obtained from its possession.

RECOVERING CONSIDERATION OF ILLEGAL CONTRACT.

5. Whatever may be the rule between private persons as to recovering a consideration voluntarily paid on an illegal contract with a knowledge of the facts, the consideration so paid can be recovered by a public corporation that has been imposed upon, whether by its officers or others.

For example: Where tax certificates belonging to a county were wrongfully transferred in exchange for void county warrants, the fact that the transfer was voluntary and with full knowledge of the facts is not a defense to a claim by the county for an accounting and a return of all money obtained from sales of such warrants to taxpayers for redemption.

From Multnomah: ARTHUR L. FRAZER, Judge.

Suit by Multnomah County against W. F. White and another, resulting in a decree from which plaintiff appeals. A motion to dismiss the appeal was overruled, and a decision rendered on the merits after a rehearing.    MOTION OVERRULED.

REVERSED.

Decided 20 March, 1904.
## On MOTION TO DISMISS THE APPEAL.

*Mr. Joseph Simon* and *Mr. Martin Luther Pipes* for the motion.

*Mr. Charles Henry Carey, contra.*

PER CURIAM: 1. This is a motion by respondents to dismiss the appeal in the above cause on the ground that the appellant, who is plaintiff in the suit, obtained by decree of the circuit court the full relief demanded. The presentation thereof has developed a situation involving somewhat the merits of the controversy, which being so, we have concluded that we may be more fully advised touching the question involved by a further hearing of the motion in conjunction with the cause itself. We will therefore withhold our decision in the premises for the present, and the order of the court will be that the motion be continued until the cause comes on for hearing on its merits, when both will be heard together.          MOTION OVERRULED.

Decided on rehearing 3 April, 1906.
## ON THE MERITS.

Statement by MR. JUSTICE MOORE.

This is a suit by Multnomah County against the First National Bank of Portland, Oregon, and W. F. White, to set aside the assignment of certain tax certificates. The facts are that the county court of that county audited and allowed claims presented for work purporting to have been done on the public roads therein, and in pursuance of such orders the county clerk issued to the claimants 35 county warrants, aggregating $5,015.52, which were indorsed by the county treasurer, "Not paid for want of funds," and sold at par, and assigned to the defendant bank, which at the time of such purchase had no notice or knowledge of any fact that would tend to render them invalid. A suit was instituted by one A. H. Maegly, as plaintiff, against the county, the bank, and others, as defendants, and a decree rendered therein February 15, 1897, declaring these warrants void, except as to parts of six of them, on the ground that the claims for which they were given were forged,

and the county and its officers were enjoined from paying them, except the parts thereof so found to be valid, amounting to $569.37, and the other defendants in that suit, their agents, etc., were restrained from demanding or receiving payment thereof, except as to such parts, from which decree no appeal was taken. Thereafter the defendant White offered for these warrants 25 per cent. of their face value, and, the bid having been accepted, the bank, by its then president, petitioned the county court of Multnomah County to exchange for such evidences of indebtedness, "dollar for dollar," certificates issued upon the sale of real property for delinquent taxes, whereupon there was assigned to the bank, by order of that court, June 5, 1901, 69 certificates, aggregating, with the costs of sale, $7,218.25. The order last mentioned, referring to the real property set forth in these certificates and to the owners of the respective tracts, contained the following: "Which said pieces and parcels are wrongly described as to either person or property, and therefore said tax assessed against the same cannot be collected by the County of Multnomah, and are of no value." These certificates, by a written request of an officer of the bank, were assigned to White as "agent," without designating his principal. The county court of that county, on May 20, 1903, made an order revoking the assignment of these tax certificates, and eight days thereafter this suit was instituted. The complaint states the facts, in substance, as hereinbefore detailed, and alleges that the county warrants so exchanged were worthless, while the value of the tax certificates received therefor was greater than $7,215, and that such certificates were assigned without consideration to the defendants, who took and held them as trustees for the plaintiff.

The defendants separately answered, denying the material averments of the complaint, and each alleging new matter as a defense to the suit. The statements of such matter are so nearly identical that the averments of each defendant will be treated as constituting only one answer, to the effect that the County of Multnomah procured Maegly to bring the suit against it and others to have the warrants in question declared void, and paid

him therefor the sum of $1,216.12; that no controversy was involved in that suit between the several defendants, nor was the decree rendered therein in favor of either of them against any of the others; and that, by reason of the county's employment of Maegly to bring suit in its behalf, the decree thus rendered was collusive and void as to the defendants herein. For a further defense, the manner of issuing the county warrants is set out, and it is alleged that, while the warrants were owned by the bank, a dispute arose between it and the county as to the liability of the latter thereon, whereupon an accord and settlement with each other was made, as evidenced by the order of the county court of June 5, 1901, in pursuance of which the tax certificates were exchanged for the warrants.

A demurrer to the allegations of new matter in each answer was sustained, and, the cause being tried on the remaining issues, the court found the facts as hereinbefore stated, and that all the tax certificates in question had been returned to and canceled by the county clerk, whereupon it treated the assignment thereof as never having been made, and decreed that such transfer was void. The plaintiff appeals, assigning as error, in its abstract, the action of the trial court in refusing to grant the entire alternative relief demanded, to wit: (1) That the defendants be decreed to have taken and held the tax certificates as trustees for plaintiff; and (2) that it be awarded a recovery against the defendants herein, jointly and severally, for the amount of such certificates, costs of sale, and penalties.

REVERSED.

For appellant there was a brief over the names of *John Manning,* District Attorney, and *Carey & Mays,* with oral arguments by *Mr. Charles Henry Carey.*

For respondent, First National Bank, there was a brief over the name of *Dolph, Mallory, Simon & Gearin,* with oral arguments by *Mr. Joseph Simon.*

For respondent, W. F. White, there was a brief with oral arguments by *Mr. Martin Luther Pipes.*

MR. JUSTICE MOORE delivered the opinion of the court.*

At a rehearing of this cause plaintiff's counsel insisted that we erred in assuming in our former opinion that the averments of Meagly's employment by Multnomah County, to bring a suit against it to have certain of its warrants declared invalid and the collection thereof enjoined, as alleged in the separate answers, were proved, because demurrers thereto had been sustained. If, on an appeal in equity, the sustaining of a demurrer be considered erroneous, and the truth of the pleading thus challenged thereby established, it would be unnecessary to "assume" the existence of the facts alleged, because they would have been already substantiated in the manner indicated. It seemed to be conceded at the former hearing in this court that Meagly was so employed and paid, and, accepting this supposed admission as being true, a conclusion of law was based thereon to the effect that the decree enjoining Multnomah County was not binding upon it. This deduction was not predicated on any acknowledgment of the facts alleged as new matter in the answers, because demurrers thereto had been sustained, but on the supposed avowal, though it is stated in the opinion heretofore announced that sustaining the demurrers was an implied admission of the facts alleged. This was adverted to as corroborative of what we understood to be the solemn acknowledgment of counsel respecting a material fact.

The decision heretofore reached is reviewed on discovering that a mistake of fact was made in declaring that a valid part of a few of the county warrants formed a consideration for the exchange of the whole thereof for the tax certificates. In the former opinion it is said: "The complaint herein states that the decree in the Meagly case determined that the county warrants were valid to the extent of $569.37, and, after setting out a list of them, contains the following averment: 'All of which said warrants herein mentioned and referred to are now held and owned by the defendant, the First National Bank of Portland, Oregon.'" It is maintained by plaintiff's counsel that this

*NOTE.—The original opinion is omitted from this official volume, by direction of the court, as it is not now expressive of the court's views.
REPORTER.

excerpt refers to a statement of the substance of the decree in the Meagly Case, and not to any averment of fact in the case at bar. A re-examination of that pleading seems to warrant the construction thus placed upon the language used. The mistake of fact in this respect necessarily avoids the conclusion heretofore reached, requiring an examination of the entire cause as upon its original submission.

2. This brings up for consideration the defendants' motion to dismiss the appeal, which question was reserved until the cause could be heard on its merits. It is argued that, as the plaintiff secured in the lower court the full measure of alternative relief sought, it cannot appeal from the decree rendered in its favor. The prayer of the complaint is, in effect, that the order of the county court of Multnomah County, whereby the tax certificates were exchanged, be declared void, and that the defendants received and held the certificates as trustees for plaintiff's use; that they be enjoined from transferring or collecting any of the certificates remaining in their possession and required to show by answer to whom they sold or assigned any of them and the consideration received therefor:

"And that upon such showing a decree be made and entered allowing the plaintiff as relief herein either: (1) A judgment against the defendants, jointly and severally, for the proceeds derived by them and each of them from selling, assigning or collecting the said certificates of sale, and each thereof; (2) a judgment against the defendants, jointly and severally, for the amount of the tax, costs and penalties for which the said several properties were · bought by the County of Multnomah at the public tax sale; or (3) decreeing that the County of Multnomah is still the owner and holder of each and all of the said certificates of sale assigned and transferred to the defendants, or either of them, and that neither the said defendants, or any other person to whom the said defendants, or either of them, may have attempted to assign or transfer them, or any of them, have acquired any right, title or interest therein."

The court, having made findings of fact and of law, decreed, in substance, that the transfer of the certificates to the defendants was illegal, and, notwithstanding such attempted assignment, the plaintiff herein had been and was the owner of the certificates and of the real property described therein; that

neither the defendants nor any person to whom they undertook
to assign any of the certificates acquired any right, title or inter-
est therein, or to the lands affected thereby; and that the records
of Multnomah County, so far as they purported to show an
assignment or transfer of the certificates, be canceled.

A party to a suit will not be permitted on appeal to assume
a position inconsistent with that taken by him at the trial below,
and, if he there obtains the full measure of relief which he asks,
he cannot assign as error the action of the court which he in-
vited: *Hume* v. *Turner,* 42 Or. 402 (70 Pac. 611). It is evi-
dent, we think, that plaintiff's counsel supposed, when the com-
plaint was prepared, that the defendants and the persons to
whom they assigned the tax certificates were the owners and
holders thereof. The transcript shows, however, that nearly all
the delinquent taxpayers named in the certificates had paid a
part of the sum for which their real property had been sold,
whereupon the certificates were returned to the county clerk and
canceled, thereby apparently releasing the premises from the
effect of the tax sales. In framing the prayer for relief, plain-
tiff's counsel must have thought that the tax certificates were
outstanding, as upon a sale thereof by the county, when in fact
they were all canceled, except a few which were returned at the
trial. The prayer of the complaint thus assumes a condition
which did not exist, and, from this evident mistake of fact, we
do not think the plaintiff secured the full measure of the al-
ternative relief which its counsel expected could be obtained.
The tax certificates having been returned to the county clerk
and canceled, the defendants could not be declared to be the
holders thereof as trustees for the use and benefit of the plaintiff,
which preliminary decree was a condition precedent to the
granting of either form of the alternative relief desired. The
evident mistake of fact of plaintiff's counsel, on which the
prayer for relief is based, shows that the position taken by them
in this court is not inconsistent with that chosen in the court
below, where the plaintiff did not secure the full measure of
the alternative relief which its counsel reasonably supposed could
have been obtained, and hence the appeal should not be dis-
missed.

3. Considering the case on its merits, little need be said at this time, for, as an error was committed in sustaining the demurrers to the separate answers, the decree must be reversed, and the cause remanded for trial upon the issue as to whether or not Meagly was employed by Multnomah County and received a compensation from it for bringing the suit to have the county warrants declared invalid and the collection thereof enjoined. If he was so employed and paid, the county, by him as plaintiff, in effect, was attempting to maintain a suit against .itself as defendant, and, as a party cannot be permitted to assume such dual positions, any decree rendered therein was invalid, and, this being so, the defendant the First National Bank of Portland, Oregon, is not estopped by the injunction or liable to the plaintiff herein, unless the defendant White was its agent in negotiating the assignment of the certificates or in collecting any part of the tax thus represented as delinquent.

4. The defendants offered evidence at the trial tending to show that many of the tax certificates in question were void for various reasons. The trial court, disposing of this matter, held that, as $4,300 was secured by White from the delinquent taxpayers, the parties receiving the money were estopped to assert the invalidity of the certificates by means of which the sum was collected, and with its finding of facts filed an opinion, a part of which is adopted as the rule applicable to this branch of the case, to wit:

"It is a well settled principle of law that the assignee or licensee of any right, accepted and acted under, is estopped to deny the authority from which the right proceeds. When money has been received either by an agent or joint owner under a contract that is illegal, the agent or joint owner cannot protect himself from accounting for what was so received by setting up the illegality of the transaction in which it was paid to him. Thus, an agent for the collection of a promissory note cannot defend in an action brought by his principal for the amount collected upon the note, either upon the ground that the note was for any reason illegal or that the debt was not justly due. And a licensee of a patent, who has acted under it and received profits from the sale of the patented article, will be estopped to deny the validity of the patent in an action by the patentee to recover royalties or to obtain an account: Bigelow, Estoppel,

552, 553. Applying these principles to this case, it would seem clear that the defendants should not be heard to say that the certificates were illegal, as a defense to plaintiff's claim for an accounting for the money collected thereon."

5. The principle thus announced is opposed to the doctrine asserted by defendants' counsel that, though a contract is without consideration, yet, if it is voluntarily and with full knowledge of the facts executed, the property in the thing, whether money or chattel, is transferred and cannot be recovered, so that a consideration is not an essential part of an executed contract. The rule invoked may be controlling as between private parties, but it can have no application to a municipal corporation which holds its property in trust for the public and is represented by officers, and, if such property is unlawfully sequestered, it may be recovered. If the county warrants in question were wholly valueless, so that no consideration was given for the tax certificates, the parties responsible for collecting the sum received from the taxpayers must account therefor to the plaintiff.

The decree rendered in this court, dismissing the complaint, will therefore be set aside, the cause remanded, with directions to overrule the demurrers, to take further evidence upon the issues involved, and to render a decree as hereinbefore indicated.

REVERSED.