FRANK H. CULVER

v.

THE H. R. ALLEN, Sr., MEDICAL AND SURGICAL ASS'N.

*Opinion filed December 16, 1903.*

1. RECEIVERS—*in absence of legislation, court fixes compensation of receiver.* In the absence of legislation regulating the compensation of a receiver, the court which appointed the receiver has a right to determine the amount of his compensation.

2. SAME—*court may consider its personal knowledge in fixing compensation of receiver.* In fixing the compensation of a receiver the court may take into consideration its personal knowledge of the general nature and value of the services alleged to have been rendered.

3. SAME—*court's allowance to receiver not disturbed unless discretion is abused.* The appointing court's allowance of compensation to a receiver will not be disturbed by a court of review unless the decree is manifestly wrong.

*Culver* v. *Allen Medical and Surgical Ass.* 108 Ill. App. 394, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

HENRY W. LEMAN, for appellant.

FRANK LYNCH, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a decree of the superior court of Cook county fixing the compensation of appellant as receiver in the case of Max Frost against the H. R. Allen, Sr., Medical and Surgical Association.

The only evidence before the court at the time the compensation was fixed was the reports of the receiver before that time filed and the petition asking the court to fix the receiver's compensation, which on the hearing

seem to have been conceded to correctly state the facts therein set forth, from which it appeared that the appellant acted as such receiver for about eighteen months; that he had devoted his entire time to the business of the association; that the business of the association was the treatment of the crippled and deformed; that he disbursed $26,073.52, and that the business of the association was successfully, honestly and economically managed by the appellant.   He asked $5400 for commissions, and the court allowed him $2607.35, or ten per cent on the disbursements.

The rule of law governing this case is, that in the absence of legislation regulating the compensation of a receiver, the court in which a receiver is appointed has the right to determine the amount that shall be paid to him for his services; that the court, in fixing a receiver's compensation, may, in connection with the evidence before it, take into consideration its personal knowledge of the general nature and character and value of the services alleged to have been rendered, and that a court of review will ordinarily defer much to the judgment of the court that made the appointment, and will not disturb its action in fixing a receiver's compensation unless the decree is manifestly wrong.   (*Heffron* v. *Rice,* 149 Ill. 216; *Olson* v. *State Bank,* 72 Minn. 320; 23 Am. & Eng. Ency of Law, —2d ed.—p. 1103; 17 Ency. of Pl. & Pr. p. 843.)   We are unable to say, from the evidence found in the record, that the decree of the superior court fixing the receiver's compensation is manifestly contrary to the weight of the evidence.

The judgment of the Appellate Court will therefore be affirmed.                    *Judgment affirmed.*