Russell T. Mueller, Plaintiff and Counter-Defendant, Appellee, v. George M. Sloan, Defendant and Counter-Plaintiff, Appellant, and Styline Homes, Inc., a Corporation, et al. Defendant and Counter-Defendant, Appellees.

Gen. No. 48,424.

First District, Second Division.

October 24, 1961.

Sturman & Bloch, of Chicago, for appellant.

Mural J. Winstin, of Chicago, for appellee, Harold F. Tolkuehn, Liquidating Receiver, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Russell T. Mueller filed a complaint in equity to require George M. Sloan to execute a lease, for directions to a trustee and liquidation of the assets of a trust. Each of the individuals owned 50% of the stock of Styline Homes, Inc. In a counterclaim Sloan sought appointment of a receiver, dissolution, liquidation and the sale of the assets of the corporation under Sec 86 of the Business Corporation Act. At Sloan's request Harold F. Tolkuehn was appointed Liquidating Receiver for the corporation pursuant to that Act. The court authorized the receiver to employ Mural J. Winstin as his attorney in the proceedings. A decree that determined the rights of the parties also found that certain real estate constituted the corporation's sole assets. The realty was sold at public auction and the proceeds distributed between the stockholders. The receiver was allowed a fee of $1,500 and his counsel a fee of $3,600. In appealing Sloan maintains that the fees allowed the receiver and his counsel are excessive.

Mr. Winstin produced a time schedule showing 75 hours devoted to the case and an estimated 15 hours

required to complete his duties therein, a total of 90 hours. The receiver and his attorney testified in support of their request. Their testimony is not contradicted. The amount received by the receiver was $88,400. He conducted a public auction for the sale of two properties realizing $53,750 therefor and completed the sale of one parcel to a contract purchaser. The receiver and his counsel had nothing to do with initiating or prosecuting the litigation. Sloan compares the receiver's duties to a master conducting a partition sale, and infers that the fees should be allowed on the basis of the statutory fees of a master. At the auction Sloan originally offered $20,000 for a parcel which was later sold and confirmed at $26,250. He offered a like sum for another parcel which was sold and confirmed at $27,500.

■■ The aggregate allowance to the receiver and his counsel amounts to less than 6% of the amount collected. In Goldstein v. Handley, 390 Ill 118, 60 NE2d 851, the court said (125): "The amount to be allowed for attorneys' fees is so far in the discretion of the chancellor that in the absence of a clear abuse of discretion, this court will not interfere." Time being the lawyer's sole expendable asset, the economic worth of his ability, training and experience is determined by the use of the hours available for the practice of his profession. In McKay v. Wilhelm, 316 Ill App 397, 45 NE2d 194, the court sets forth elements to be considered in determining fees: (1) skill, (2) standing of attorney employed, (3) nature of the controversy, (4) character of questions at issue, (5) amount involved, (6) time bestowed, and (7) results obtained.

The judge who heard and determined the allowance of compensation to the receiver and his counsel has had extensive experience in chancery matters as a Master in Chancery in the Circuit and Federal courts and as a chancellor. He applied the elements outlined

in McKay v. Wilhelm. In our opinion the allowance of fees of less than 6% to the receiver and his counsel was not excessive.

Therefore the order is affirmed.

Order affirmed.

FRIEND, P. J. and BRYANT, J., concur.