PLOTE, INC., *et al.*, Plaintiffs, *v.* MINNESOTA ALDEN CORP. *et al.*, Defendants-Appellants.—(STUART KAISERMAN, Defendant-Appellee.)

First District (5th Division)    No. 80-2147

Opinion filed March 27, 1981.

Donald L. Johnson and William Biederman, both of Marks, Katz, Johnson, Randall, Weinberg & Blatt, and Harold I. Levine, of Harold I. Levine, Ltd., both of Chicago, for appellants.

William J. Harte, Ltd., and Kevin M. Forde, Ltd., both of Chicago (William J. Harte, Kevin M. Forde, and Katrina Veerhusen, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

On July 16, 1976, during a mortgage foreclosure action, Stuart Kaiserman was appointed receiver, *pendente lite*. The court instructed him to manage, conserve, and complete construction of the mortgaged property—an unfinished apartment complex. The issues raised on appeal are whether the trial court abused its discretion in awarding fees and whether it was error to discharge the receiver and his surety.

Between July 1976 and June 1980, the receiver filed six fee petitions. The first five petitions were supported by time sheets which detailed the activities of the receiver, and these petitions were not contested. The last petition, filed on June 13, 1980, requested, as receiver's fees, 8.5% of the gross rental income for the apartment complex from September through December, 1979. This amounted to $16,610.36. Unlike the other petitions, this request was not supported by activity reports.

For the period of January through May, 1980, the receiver requested fees of $40 an hour for 15 hours of work. This portion of the sixth petition was not contested. The petition also requested $5,592 for receiver's accountants. According to the petition, these fees were for work by the accountants in preparing the comprehensive final report. The petition was supported by a bill which listed the employees who worked in the project along with their hourly rates and time totals.

The appellants objected and argued that the receiver failed to prove that the contested fees were reasonable. They also argued that neither the receiver nor his surety should be discharged from liability because the receiver allegedly missed a deadline for paying the real estate taxes on the apartment complex. They contend that the receiver should be held liable

for the penalties which allegedly accrued. Responding at the hearing on the final petition, the receiver said that the taxes were handled by a special tax counsel who had been appointed by the court. The receiver said that he had nothing to do with the payments, other than preparing petitions to the court for authorization to pay the taxes.

The record on appeal does not contain the order delineating the responsibilities of the special tax counsel.

OPINION

■■ The first issue is whether the award of fees was improper. The test for determining whether an award of receiver's fees is excessive is whether there has been a clear abuse of discretion. (*Mueller v. Sloan* (1961), 33 Ill. App. 2d 205, 178 N.E.2d 135.) A petitioner who requests an award of fees must submit enough evidence on the reasonableness of the fees to permit the trial court to make a reasoned decision based on the applicable law. (*Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019.) Though we stand prepared to pay proper deference to the decision of the trial court, it is obvious that, without evidence that the fee is reasonable, we could never objectively review the exercise of the trial court's discretion. (See *Fiorito*.) This does not mean that there must be an evidentiary hearing on every petition for fees. In the typical case, where a petition for fees is supported by a time sheet which details the receiver's activities, and which shows other factors relevant to an award of fees, this can be sufficient to establish that the fees requested are reasonable. (See, *e.g., Culver v. H. R. Allen, Sr., Medical & Surgical Association* (1903), 206 Ill. 40, 69 N.E. 53.) After sufficient evidence of reasonableness is presented, the burden shifts to the respondent to show that the fees are not reasonable. *Fiorito v. Jones.*

In the present case, the receiver, after submitting five fee petitions which were supported by detailed activity reports, filed a petition which asked for 8.5% of the gross rents of the property he managed for the court. The petition, in support of this request, merely states:

> "That your Petitioner and his staff, together with his attorney and his accountants have expended considerable time and effort in the discharge of their duties in this manner for which your Petitioner, his attorney and his accountants are requesting reasonable additional compensation for such services."

■■ Though we have no reason to dispute the trial court's conclusion that the receiver's work was exceptionally good, we are forced to rule that the record does not contain sufficient evidence for us to objectively evaluate whether the trial court abused its discretion in awarding the receiver a percentage of gross rents for a four-month period. We can only speculate about the receiver's activities during this period, and that 8.5% of the gross

rents was a reasonable fee. These fees cannot be supported on such conjecture. However, we do not rule that a receiver cannot, in an appropriate case, receive a percentage of receipts as a reasonable fee. We merely hold that, in this case, the receiver did not submit sufficient evidence to show that his fees were reasonable.

■■ In contrast with the award of receiver's fees, the request for accountants' fees was sufficiently supported by evidence of reasonableness. The petition identified the work for which fees were requested, and the accounting firm's attached bill identified the employees who worked on the project, along with their hourly rates and time totals. This evidence shows that five employees, charging an average of about $40 an hour, spent more than 200 hours preparing the detailed final report. This is sufficient evidence for us to conclude that it was not an abuse of discretion for the trial court to award the accountants' fees. Since appellants did not present any evidence to show that the rates charged or the hours expended were unreasonable for the report which was produced, there is nothing to rebut the trial court's conclusion that the accountants' fees were reasonable.

The remaining issue is whether it was error to discharge the receiver and his surety. At the hearing on the final petition, it was argued that the receiver should be held liable for alleged tax penalties. The receiver claimed that this was the responsibility of the court-appointed special tax counsel. Since the order appointing the tax counsel is not in the record on appeal, we cannot determine what his specific duties were. Therefore, we must presume that the trial judge was correct in overruling this objection.

We affirm the order awarding accountants' fees and discharging the receiver and his surety. The award of fees for the receiver is reversed and remanded so that the receiver will have an opportunity to present sufficient supporting evidence.

Affirmed in part; reversed in part and remanded.

MEJDA and WILSON, JJ., concur.