2023 IL App (1st) 230174-U

THIRD DIVISION
September 29, 2023

No. 1-23-0174

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE CITY OF CHICAGO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| SBR REVOCABLE LIVING TRUST, SABRINA ROSS, | ) | No. 17 M1 402632 |
| and ILLINOIS-SERVICE FEDERAL SAVINGS AND | ) | |
| LOAN ASSOCIATION, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Patrice M. Ball-Reed, |
| (Sabrina Ross, | ) | Judge Presiding. |
| Defendant-Appellant). | ) | |

_____

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and R. Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirming a circuit court order approving the payment of fees to a receiver, where the appellant's brief and the record on appeal were deficient and where the circuit court did not abuse its discretion.

¶ 2    Sabrina Ross (Ross) is the trustee of a revocable trust which owns real property located in Chicago.  The City of Chicago (City) filed a lawsuit in the circuit court of Cook County against Ross in 2017, alleging building code violations at the property.  Following years of proceedings, the circuit court appointed a limited receiver to provide tenant relocation assistance and to vacate

and board up the property.  After its discharge, the receiver filed a motion to approve its first and final accounting and to issue a receiver's certificate.  The circuit court approved the receiver's fees and costs totaling $2787.50 over Ross's objection, and Ross filed this *pro se* appeal.  As discussed below, we affirm.

¶ 3                                    BACKGROUND

¶ 4      Ross is the trustee of the SBR Revocable Living Trust (trust).  The trust owns the property, located at 752 South Kedvale Avenue in Chicago; two buildings are on the property.

¶ 5      The City filed a complaint for equitable and other relief against Ross, the trust, and the mortgagee on the property[1] in September 2017.  The complaint alleged violations of various building ordinances and statutes, *e.g.*, rotting eaves, washed-out mortar, spalling bricks, and electrical issues.  Over the next few years, the circuit court ordered multiple inspections of the property and the City amended its complaint to include allegations regarding additional violations.  The record suggests that Ross made some, but not all, of the required repairs.  It appears that the property was never fully in compliance with the applicable ordinances and statutes.

¶ 6      In an order entered on June 30, 2022, the circuit court appointed Community Initiatives, Inc. (CII), as a limited receiver to vacate and secure the property and to provide tenant relocation assistance.  In a motion to "reverse" this order, Ross argued that renovations had already been performed, *i.e.*, a structural engineer's report was submitted, and new tuckpointing and electrical wiring was completed.  Ross also asserted that a receiver may not be assigned to a property "that does not have a mortgage or 3rd party assets at risk."  In an order entered on August 11, 2022,

---

[1] As noted below, Ross asserted that the property "does not have a mortgage."  Based on the record, the existence and status of any mortgage on the property is unclear.

the circuit court stated that the receiver order remained in full force and effect.

¶ 7     CII was discharged on September 8, 2022, as the receiver pursuant to an order entered by the circuit court.  CII subsequently filed a motion for approval of its first and final accounting and for issuance of a receiver's certificate in the amount of $2787.50.  This amount consisted of $875 in fees and $1912.50 in costs; the costs consisted of legal fees for CII's counsel.  The attachments to the motion included a chart describing five hours of work performed by the receiver at $175 per hour, as well as an invoice from CII's counsel detailing the legal services which were also provided.

¶ 8     Ross filed a motion to deny the award of fees and costs, wherein she referenced various repairs and renovations at the property between 2017 and 2022, which she alleged were completed before the appointment of CII as receiver.  She argued that the appointment was thus unnecessary, and she further claimed that the receiver performed "none" of the alleged five hours of work.  Ross requested that the circuit court award fees to CII for no more than one hour of its services (*i.e.*, capped at $175) and that the circuit court deny the award of legal fees.

¶ 9     In an order entered on January 12, 2023, the circuit court granted the motion and approved CII's fees and costs in the amount of $2787.50.[2]  Ross filed a notice of appeal on January 25, 2023, wherein she challenged the order entered on January 12, 2023.

¶ 10                                      ANALYSIS

¶ 11     In this *pro se* appeal, Ross seeks the reversal of the order awarding fees and costs to CII. Although her arguments are not clearly presented (as discussed further below), she appears to advance three primary contentions: (a) the tenants at the property had moved out before CII was appointed; (b) the property was safe to inhabit at the time of CII's appointment; and (c) the

---

[2] It appears that an earlier version of the same order was entered in error in October 2022.

circuit court "ignored" her motion to deny CII's fees during a hearing held on October 27, 2022. For the reasons set forth herein, we are not persuaded by her contentions.

¶ 12                                                   *Jurisdiction*

¶ 13      As an initial matter, we must determine whether we have jurisdiction over this appeal. *Daewoo International v. Monteiro*, 2014 IL App (1st) 140573, ¶ 72 (noting that an appellate court has a duty to consider its own jurisdiction regardless of whether the parties have raised the issue). Ross contends that this Court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), which provides that "every final judgment of a circuit court in a civil case is appealable as of right." As discussed below, we reject her contention.

¶ 14      Although the order entered by the circuit court on January 12, 2023, granted the receiver's fees and the issuance of a receiver's certificate, the order did not "[fix] absolutely and finally the rights of the parties in the lawsuit" (*Henyard v. Municipal Officers of Village of Dolton*, 2022 IL App (1st) 220898, ¶ 21) and thus was not a final order. Among other things, we observe that Ross filed a second appeal which is pending in this Court (appeal no. 1-23-0655), challenging a "board up" order entered by the circuit court on April 6, 2023 – almost three months after the order at issue herein. See *Asher Farm L.P. v. Wolsfeld*, 2022 IL App (2d) 220072, ¶ 31 (stating that a court may take judicial notice of another court docket). The January 12, 2023, order was thus not "final" and does not support a finding of jurisdiction pursuant to Rule 301.

¶ 15      We agree with the City that the appropriate basis for this Court's jurisdiction is Illinois Supreme Court Rule 304(b)(2) (eff. Mar. 8, 2016), which addresses, in part, the appealability of an order entered in a receivership or liquidation which finally determines a right or status of a party. A final award of fees to a receiver or liquidator qualifies as such an order. Compare *In re*

*Pine Top Insurance Co.*, 292 Ill. App. 3d 597, 602 (1997) (finding jurisdiction under Rule 304(b)(2) to review a final award of fees to a liquidator) and *Mar Cement, Inc. v. Diorio Builders, Inc.*, 153 Ill. App. 3d 798, 802-03 (1987) (dismissing an appeal for lack of jurisdiction where the circuit court's order did not constitute a final determination of a receiver's right to fees). See also Ill. S. Ct. R. 304(b), Committee Comments (rev. Sept. 1988) (noting that "[e]xamples of orders covered by subparagraph (2) are an order allowing or disallowing a claim and an order for the payment of fees"). For the foregoing reasons, we have jurisdiction to consider this appeal.

¶ 16                      *Deficiencies of the Briefs and the Record*

¶ 17      Another threshold issue in this appeal is the inadequacy of Ross's briefs. As the City accurately observes, Ross's opening brief fails to conform to many of the mandatory requirements of Illinois Supreme Court Rule 341, which governs the form and contents of appellate briefs. See *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12; *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8; Ill. S. Ct. R. 341 (eff. Oct. 1, 2020).

¶ 18      For example, pursuant to Rule 341(h)(6), an appellant is to provide the reviewing court with the facts necessary to an understanding of the case. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) The facts must be stated fairly and accurately without comment or argument. *Id.*; *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 12. Not only is Ross's statement of facts lacking in clarity, but she also failed to provide any citations to the record as required by Rule 341(h)(6). See *Ammar*, 2017 IL App (1st) 162931, ¶ 12.

¶ 19      Under Rule 341(h)(7), an opening brief must set forth the appellant's contentions, which must be supported with argument, citations to the record, and citations to authority. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). "This rule is especially important because, when reviewing a case,

the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts." *McCann*, 2015 IL App (1st) 141291, ¶ 15. The argument section of Ross's brief states – in its entirety – as follows: "[CII's] service was never needed or used by the tenants. They vacated the property TWO months prior to their hiring." (Emphasis in original.) This unsupported and otherwise deficient "argument" plainly violates Rule 341(h)(7). *E.g.*, *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 54 (declining to consider an argument where the party did not cite persuasive authority or present a well-reasoned theory).

¶ 20    We further observe that the attachments to the opening brief include a police report regarding the alleged removal of copper piping at a building on the property. As the police report does not appear to be a part of the record on appeal, its inclusion in the appendix violates Illinois Supreme Court Rule 342 (eff. Oct. 1, 2019) and thus the report may not be considered. *E.g.*, *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44 (disregarding an evidence deposition which was not included in the appellate record but was only included in the appendix to a brief); *Pine Top Receivables of Illinois, LLC v. Transfercom, Ltd.*, 2017 IL App (1st) 161781, ¶ 2 n.1 (noting that "including a document not part of the record in an appendix is improper").

¶ 21    While we recognize that Ross is self-represented, a *pro se* appellant is not entitled to more lenient treatment than attorneys. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Id.* We note that even after the City's appellee brief discussed the inadequacies of her opening brief, Ross submitted a one-page reply brief which continued to disregard the applicable rules.

¶ 22    A brief which lacks substantial conformity to the supreme court rules may justifiably be

stricken. *McCann*, 2015 IL App (1st) 141291, ¶ 12. See *Holzrichter*, 2013 IL App (1st) 110287, ¶ 80 (observing that this "court is not a depository in which the burden of argument and research may be dumped"). Despite its significant shortfalls, we decline to strike Ross's brief as we generally understand her contentions, particularly where we have the benefit of the City's cogent brief. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 23    We further observe that the deficiencies of the appellate record impair our review. For example, Ross contends (in her statement of facts) that her motion to deny fees to CII was "ignored and not discussed" during a circuit court hearing on October 27, 2022. The record on appeal, however, does not include any transcript or other report of proceedings from that date (see Ill. S. Ct. R. 323 (eff. July 1, 2017)), and we are thus unable to assess this claim of error.

¶ 24    As the appellant, Ross has the duty to provide a sufficiently complete record of the circuit court proceedings to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the circuit court was in conformity with law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Accord *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001). Any doubts arising from the incompleteness of the record will be resolved against Ross, as the appellant. *Foutch*, 99 Ill. 2d at 392.

¶ 25    As discussed below, even based on the limited record provided herein, we find that the circuit court did not abuse its discretion in its ruling.

¶ 26                    *Order Approving Receiver Fees and Costs*

¶ 27    On appeal, Ross challenges the award of fees and costs to CII. Ross maintained in the circuit court that CII's fees should be limited to no more than one hour's work, *i.e.*, $175. The test for determining whether an award of fees to a receiver is excessive is whether there has been a clear abuse of discretion. *City of Chicago v. Concordia Evangelical Lutheran Church*, 2016 IL

App (1st) 151864, ¶ 56; *Plote, Inc. v. Minnesota Alden Corp.*, 95 Ill. App. 3d 5, 7 (1981).

¶ 28    The burden initially rested on CII to present sufficient evidence of the reasonableness of the fees.  See *Brackett v. Sedlacek*, 116 Ill. App. 3d 978, 981-82 (1983).  "A petitioner who requests an award of fees must submit enough evidence on the reasonableness of the fees to permit the trial court to make a reasoned decision based on applicable law."  *Plote*, 95 Ill. App. 3d at 7.  When sufficient evidence of reasonableness has been presented, "the burden shifts to the respondent to show that the fees are not reasonable."  *Brackett*, 116 Ill. App. 3d at 981.

¶ 29    CII filed a motion in the circuit court to approve its first and final accounting and to issue a receiver's certificate.  Both CII and its counsel filed summaries identifying the dates, duration, and nature of the work for which fees were requested.  See *Rosenblatt v. Michigan Avenue National Bank*, 70 Ill. App. 3d 1039, 1044 (1979) (noting that the "joint treatment of the receiver's and receiver's attorney's fees is in keeping with the accepted practice of regarding the attorney's fees as more properly a part of the receiver's own fees").  As CII presented sufficient evidence of reasonableness (see *Brackett*, 116 Ill. App. 3d at 981), the burden shifted to Ross to demonstrate that the fees were not reasonable.

¶ 30    Ross subsequently filed a "Motion to Deny Receiver Fees and Charges," in which she listed certain repair work which had purportedly been performed at the property through 2022.  She maintained that such work was completed – and the tenants had moved out – prior to the appointment of the receiver, and thus the receiver was not necessary.  The attachments to her motion, however, did not necessarily support her contentions, *e.g.*, reports from inspections conducted in 2019.  As the record otherwise indicated that the property remained unsafe and in disrepair well after 2019, the reports do not refute the need for a receiver in 2022.

¶ 31    As Ross did not present evidence to demonstrate that the fees requested were

unreasonable, there was nothing to rebut the circuit court's conclusion that the fees were reasonable. See *id.* at 982. Based on the foregoing, we find that the circuit court did not abuse its discretion in its award of fees and costs to CII.

¶ 32                                    CONCLUSION

¶ 33    The judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 34    Affirmed.