2023 IL App (1st) 230655-U

No. 1-23-0655

Order filed November 8, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE CITY OF CHICAGO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 M1 402632 |
| | ) | |
| SBR REVOCABLE LIVING TRUST, SABRINA ROSS, | ) | |
| and ILLINOIS-SERVICE FEDERAL SAVINGS AND | ) | |
| LOAN ASSOCIATION, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Sabrina Ross, | ) | Honorable |
| | ) | Leonard Murray, |
| Defendant-Appellant). | ) | Judge, presiding. |

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We dismiss this appeal where the underlying circuit court order, which required appellant to board and secure two buildings on her property, was rendered moot by a subsequent order authorizing the City of Chicago to enter the property and perform the same actions.

¶ 2 Sabrina Ross (Ross) is the trustee of a revocable trust which owns real property located in Chicago. The City of Chicago (City) filed a lawsuit in the circuit court of Cook County against Ross in 2017, alleging building code violations at two buildings on the property. On April 6, 2023, the circuit court entered an order requiring Ross to board and secure the buildings within 14 days. On June 1, 2023, after Ross filed a notice of appeal from that order, the circuit court entered another order authorizing the City to "immediately enter" the property to "board and secure the premises." In this *pro se* appeal from the order of April 6, 2023, Ross argues that boarding the property is unnecessary because repairs have been made or are underway, the premises are vacant and secure, and boarding the property would impede a sale. For the following reasons, we dismiss this appeal as moot due to the order of June 1, 2023.

¶ 3 BACKGROUND

¶ 4 The following background is derived from the common law record, including the parties' pleadings and the circuit court's written orders. The record on appeal lacks a report of proceedings or substitute therefor.

¶ 5 Ross is the trustee of the SBR Revocable Living Trust (trust). The trust owns the property, located at 752 South Kedvale Avenue in Chicago; two buildings are on the property.

¶ 6 In September 2017, the City filed a complaint for equitable and other relief against Ross, the trust, and the mortgagee on the property (defendants).[1] Count I alleged violations of various building ordinances and statutes, *e.g.*, rotting eaves, washed-out mortar, spalling bricks, and electrical issues. Count II asserted that a fine would not adequately remedy the violations and associated public nuisance. The City requested that the circuit court (1) enter temporary and

---

[1] Based on the record, the existence and status of any mortgage on the property is unclear.

permanent injunctions against defendants to correct the violations and to restrain future violations; (2) appoint a receiver; (3) authorize the demolition, repair, enclosure, or cleaning of the property; (4) enter a judgment against defendants and a lien against the property to recompense the City's costs; (5) permit foreclosure of the lien; (6) declare the property abandoned and grant the City a judicial deed; and (7) award attorney fees and costs.

¶ 7 Over the next few years, the circuit court ordered multiple inspections of the property and the City amended its complaint to include allegations regarding additional violations. The record suggests that Ross made some, but not all, of the required repairs. It appears that the property was never fully in compliance with the applicable ordinances and statutes.

¶ 8 On March 24, 2022, the circuit court ordered Ross to immediately vacate the property. On May 19, 2022, the City filed a petition for rule to show cause why Ross should not be held in contempt for failing to comply with the March 24, 2022, order.

¶ 9 On June 30, 2022, the circuit court appointed a limited receiver to vacate and secure the property, provide tenant relocation assistance, and "board and secure" the premises once vacant. In a motion to "reverse" this order, Ross argued, *inter alia*, that renovations had already been performed, *i.e.*, a structural engineer's report was submitted, and new tuckpointing and electrical wiring was completed. In an order entered on August 11, 2022, the circuit court stated that the receiver order remained in full force and effect.

¶ 10 On September 8, 2022, the receiver was discharged pursuant to an order entered by the circuit court. The receiver subsequently filed a motion for approval of its first and final accounting and for issuance of a receiver's certificate in the amount of $2787.50. Ross filed a motion to deny the award, referencing repairs and renovations at the property between 2017 and 2022.

¶ 11 On December 15, 2022, while these motions pended, the City filed another petition for rule to show cause why Ross should not be held in contempt for failing to vacate the property and hire a general contractor. On January 12, 2023, while the petition for rule to show cause pended, the circuit court approved the receiver's requested fees and costs.[2]

¶ 12 On February 21, 2023, Ross filed a response to the petition for rule to show cause. She asserted, in relevant part, that her insurance policy would be void if the property were left vacant for more than 90 days and that two general contractors would work with her pending a report from city inspectors.

¶ 13 On March 23, 2023, the circuit court entered an order requiring Ross to board and secure the property; that order was stayed for two weeks. On April 6, 2023, the circuit court ordered Ross to board and secure the buildings on the property within 14 days. The written order specified that it was entered after the court "heard evidence and testimony."

¶ 14 On April 10, 2023, Ross filed a motion seeking to "eliminat[e]" one of the buildings from the case because it was "about to undergo total rehabilitation." On April 11, 2023, Ross filed a notice of appeal from the circuit court's order of April 6, 2023.

¶ 15 On April 27, 2023, the circuit court denied Ross's motion. Then, on June 1, 2023, the circuit court entered an order authorizing the City to "immediately enter" the property to "board and secure the premises."[3]

---

[2] Ross appealed from the order of January 12, 2023, and we affirmed. See *City of Chicago v. SBR Revocable Living Trust*, 2023 IL App (1st) 230174-U.

[3] A copy of the June 1, 2023, order appears in the appendix to the City's brief but is not included in the record on appeal. Ross, however, does not dispute the contents of this order in her reply brief and we may take judicial notice of its existence. See *Village of Riverwoods v. BG Ltd. Partnership*, 276 Ill. App. 3d 720, 724 (1995) ("Judicial notice is proper where the document in question is part of the public record and where such notice will aid in the efficient disposition of a case."); see also *Koshinski v. Trame*, 2017 IL App (5th) 150398, ¶ 10 (taking judicial notice of circuit court orders).

¶ 16                                    ANALYSIS

¶ 17     In this *pro se* appeal from the order of April 6, 2023, Ross argues that boarding the property is unnecessary because repairs have been made or are underway, the premises are vacant and secure, and boarding the property would impede a sale. She further asserts that the yard is well-maintained and boarding would damage the new windows, create an "eye sore," and void her insurance policy.

¶ 18     As an initial matter, Ross's opening brief fails to conform to many of the mandatory requirements of Illinois Supreme Court Rule 341, which governs the form and contents of appellate briefs. See *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12; Ill. S. Ct. R. 341 (eff. Oct. 1, 2020). For example, pursuant to Rules 341(h)(6) and (7),  an appellant must provide the reviewing court with the facts necessary to an understanding of the case and include contentions supported with argument, citations to the record, and citations to authority. See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Ross's statement of facts lacks clarity, and she also failed to provide citations to the record or authority as required by Rules 341(h)(6) and (7).

¶ 19     Although Ross is self-represented, a *pro se* appellant is not entitled to more lenient treatment than attorneys. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Id.* A brief that does not substantially conform to the supreme court rules may justifiably be stricken. *McCann*, 2015 IL App (1st) 141291, ¶ 12. This court "is not a depository in which the burden of argument and research may be dumped." *Holzrichter*, 2013 IL App (1st) 110287, ¶ 80. We decline to strike Ross's brief, however, as we generally understand her contentions and have the benefit of the City's cogent brief. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 20    Nevertheless, deficiencies in the record also impair our review. The record on appeal lacks a report of proceedings or substitute therefor, including from April 6, 2023, the date on which the circuit court heard evidence and testimony and entered the order that is the subject of this appeal. See Ill. S. Ct. R. 323 (eff. July 1, 2017). As the appellant, Ross has the duty to provide a sufficient record to support a claim of error; absent such a record on appeal, it will be presumed that the circuit court's order conformed with law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from the incompleteness of the record will be resolved against the appellant. *Id.* at 392.

¶ 21    Cognizant of these considerations, we turn to the present appeal. Before reaching the merits, however, we must consider the threshold issue of our jurisdiction. *Village of Kirkland v. Kirkland Properties Holdings Co., LLC I*, 2023 IL 128612, ¶ 37 ("Courts of review have an independent duty to consider jurisdiction because a jurisdictional claim is a threshold issue that must be addressed before considering an appeal's merits."). The appellant has the burden of establishing jurisdiction and, absent jurisdiction, we must dismiss an appeal. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36. Whether we have jurisdiction is a question of law, which we consider *de novo. In re Estate of Aryeh*, 2021 IL App (1st) 192418, ¶ 21.

¶ 22    Jurisdiction comprises two elements: personal jurisdiction and subject matter jurisdiction. *People v. Castleberry*, 2015 IL 116916, ¶ 12. To establish the subject matter jurisdiction of the court, a case must present a justiciable matter. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334, (2002). Generally, a justiciable matter "is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Id.* at 335. "An appeal is moot when the issues involved in the trial court no longer exist because intervening

events have made it impossible for the reviewing court to grant the complaining party effectual relief." *In re Benny M.*, 2017 IL 120133, ¶ 17.

¶ 23 As noted, the circuit court entered an order requiring Ross to board and secure the property on April 6, 2023. Ross filed a notice of appeal from that order on April 11, 2023. Then, on June 1, 2023, the circuit court entered an order authorizing the City to "immediately enter" the property in order to "board and secure the premises." As the order of June 1, 2023, allowed the City to perform the same actions that the court had ordered Ross to undertake in the order of April 6, 2023, there is no effectual relief that this court could grant Ross on her appeal from the order of April 6, 2023. *Id.* This appeal is, therefore, moot and must be dismissed. See *Triumph Community Bank v. IRED Elmhurst, LLC*, 2021 IL App (2d) 200108, ¶ 55 ("A moot appeal must be dismissed.").[4]

¶ 24                                     CONCLUSION

¶ 25 For the foregoing reasons, we dismiss this appeal as moot.

¶ 26 Dismissed.

---

[4] Although we dismiss the appeal due to mootness, we note that Ross asserts that this court has jurisdiction under Illinois Supreme Court Rule 301, which provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). The City, for its part, maintains that the board-up order of April 6, 2023, was neither a final and appealable judgment under Illinois Supreme Court Rule 301 nor an appealable interlocutory order under Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017), and instead, was comparable to "[m]inisterial or administrative orders that regulate only the procedural details of litigation" or "preserve the property at issue in the litigation." We do not reach this issue because, as explained, Ross's appeal from the order of April 6, 2023, is moot and must be dismissed. See *Triumph Community Bank*, 2021 IL App (2d) 200108, ¶ 55.